Ezekiel R Dumke IV (SBN 259407)
edumke@dumkelaw.com
DUMKE LAW, LLP
106 Laurel Valley Rd
West Lake Hills, TX 78746-4406
Telephone: (801)-987-0810
Attorney for Plaintiffs

Jared L. Cherry (Utah State Bar No. 11534)
PHILLIPS WINCHESTER, LLC
4001 South 700 East, Suite 500
Salt Lake City, Utah 84107
Telephone: 801-935-4932
Attorney for Plaintiffs
*(pending admission pro hac vice)*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NEXON AMERICA INC.;** and <br><br> **NEXON KOREA CORPORATION**, <br><br> Plaintiffs, <br><br> v. <br><br> **JOHN DOES 1-9;** <br><br> **JOHN DOES 10-50;** <br><br> **ALL FUNDS HELD BY PAYPAL, INC. AND TRACEABLE TO JOHN DOES 1-9,** *in rem*; <br><br> Defendants. | Case No.: 5:21-cv-00886 <br><br><br> **VERIFIED COMPLAINT** |

1

Plaintiffs NEXON America Inc. ("NEXON US") and NEXON KOREA Corporation ("NEXON KR") (collectively, "NEXON"), for their claims against defendants John Does 1-50 ("Defendants"), allege as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1. NEXON is a pioneer in the world of interactive entertainment software, and since its founding in 1994, has introduced some of the most significant innovations in the industry including the world's first graphic massively multiplayer online role-playing game (MMORPG) and the first free-to-play game. NEXON is an industry leader in MMORPGs with more than 80 live games operated across more than 190 countries proving that online games are a progressive, mainstream form of entertainment.

2. One of NEXON's most popular games is MAPLESTORY®, which has amassed over 180 million players worldwide.

3. MAPLESTORY's popularity and devoted fan base have made it a target of hackers seeking to profit from the goodwill associated with MAPLESTORY.

4. Plaintiffs file this complaint against hackers who have targeted MAPLESTORY with the intent of profiting from NEXON'S rights. NEXON brings claims for infringement of NEXON's trademark registrations for MAPLESTORY under the Lanham Act, 15 U.S.C. § 1051, et seq., infringement of NEXON's copyright in the MAPLESTORY® game ("MAPLESTORY") in violation of the Copyright Act, 17

U.S.C. § 501, et seq., for unauthorized access to Plaintiffs' computer servers in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, et seq., and for breach of the End User License Agreement ("EULA") that each user must accept as a condition of using MAPLESTORY.

## **PARTIES**

5.    Plaintiff NEXON America Inc. ("NEXON US") is a Delaware Corporation with its principal place of business at 621 Hawaii Street, El Segundo, California.

6.    Plaintiff NEXON KOREA CORPORATION is a Korean Corporation, with its principal place of business at 7 Pangyo-ro 256 Beon-gil, Bundang-gu, Seongnam-si, Gyeonggi-do, KOREA.

7.    The John Doe Defendants cannot be identified because they have acted to conceal their identities.

8.    John Does 1-9 are individuals and/or entities responsible for developing various "hacks" that exploit MAPLESTORY and are offered at GAMEKILLER.NET (the "GameKiller Site"), which is a self-described "game hacking & cheating community."  The GameKiller Site allows users to purchase "hacks" for use in connection with MAPLESTORY.

9.    John Does 10-50 are individuals and/or entities that purchased the hacks and used the hacks developed by John Does 1-9.

10.     The *in rem* Defendant consists of all funds held by Paypal, Inc. and traceable to John Does 1-9.  The GameKiller Site accepted payments via Paypal for the hacks developed by John Does 1-9 using the email account apptrailerjones@hotmail.com, the identifier "PAYPAL *GK", and/or the token 36d2e3c2e2b6145333e90104999a0d5f24aa4444. *See* Exhibit A (showing payments made via PayPal).

### JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over the causes of action[1] asserted in this complaint pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction), 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents, and trademarks).

12.     This Court has personal jurisdiction over John Does 1-50 based on NEXON's Terms of Service and End User License Agreement (the "EULA"), which can be reviewed at https://www.NEXON.com/main/en/legal/tou. *See also* Exhibit B.

13.     The terms of the EULA must be accepted by users prior to installation and use of MAPLESTORY.

14.     John Does 1-50 each accepted the EULA in connection with the installation and/or use of MAPLESTORY.

15.     The EULA provides in pertinent part:

---

[1] NEXON brings its claims pursuant to the Lanham Act (15 U.S.C. §§ 1051 et seq.), the Copyright Act (17 U.S.C. § 501), and the Computer Fraud and Abuse Act ("CFAA")(18 U.S.C. § 1030, et seq.).

Except as otherwise provided for in Section X, you agree to submit to the personal and exclusive jurisdiction of the courts located within the specified forum:

| Game Publisher. | Governing Law | Forum |
|---|---|---|
| NEXON Co., Ltd. | Japan | Tokyo District Court |
| Nexon America Inc. | California, USA | State or Federal Court within the County of Los Angeles, California |
| Nexon Korea Corporation | Korea | Seoul Central District Court of Korea |

16.    John Does 1-50 deliberately act to conceal their identities through a variety of technological means through the Internet.

17.    John Does 1-50 may be located anywhere in the world, including in this judicial district, and without the aid of discovery, Plaintiffs cannot determine the location of John Does 1-50.

18.    On information and belief, NEXON alleges that some or all of the John Doe Defendants are located in foreign countries, and accordingly, personal jurisdiction is appropriate under Fed R. Civ. P. 4(k)(2), which permits the exercise of jurisdiction over foreign defendants where (1) a claim arises under federal law, (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction, and (3) the exercise of personal jurisdiction comports with due process.

19.     The claims asserted herein arise under federal law (*i.e.*, the CFAA, the Lanham Act, and the Copyright Act).

20.     On information and belief, some or all of the John Doe Defendants are not subject to the personal jurisdiction of any state court of general jurisdiction.

21.     The exercise of personal jurisdiction over John Does 1-9 comports with due process because Defendants utilize an interactive website (*i.e.*, the GameKiller Site), that includes a "Purchase Terminal" through which John Does 1-9 sell "hacks" used against MAPLESTORY, as shown below.



22.     In assessing specific jurisdiction through Internet conduct, "the common thread ... is that 'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997).

23.     Jurisdiction is appropriate over John Does 1-9 because the sale of the "hacks" occurs entirely online through the GameKiller Site.  The GameKiller Site creates a contract for the sale of goods and services (*i.e.*, the hacks and related information) with users.

24.     Paypal is headquartered in California, and John Does 1-9 use PayPal to collect payments for the "hacks" sold through the GameKiller Site.

25.     John Does 1-9 accept payment for their "hacks" either through PayPal or cryptocurrency.

26.     Jurisdiction over John Does 1-50 is also appropriate under the "effects test," which "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *College-Source, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

27.    As shown in the screen capture above, John Does 1-9 explicitly acknowledge "[u]sage of our software might break the terms and conditions of the game publisher [*i.e.*, NEXON]…"

28.    This disclaimer is an acknowledgment of the harm suffered by NEXON in the forum state.

29.    Upon receipt of payment, John Does 1-9 permit a user to download a "Terminal Manager" and provide detailed instructions for using the "Terminal Manager" to hack MAPLESTORY's servers via the Internet.  *See* e.g., Exhibit C (showing instructions for using "Terminal Manager" to hack MAPLESTORY's servers and evade detection).

30.    John Does 10-50 use the "Terminal Manager" to connect to NEXON's servers and deploy the hacks provided by John Does 1-9.

31.    The "Terminal Manager" includes "Evasion Settings," as shown below, to avoid "get[ting] reported" to NEXON and "getting autobanned" for using hacks in violation of NEXON's end-user license agreement.



LOGIN

Very useful, as it helps your character automatically re-login when it DCs

EVASION SETTINGS

This is essentially "player protection" - avoids other players so you don't get reported.

CRASH SETTINGS

Most important is "Wait for 15 minutes after 3 DCs in 15 minutes". This prevents you from getting autobanned from constantly disconnecting. Make sure to enable this **Note: if you use low settings

**NEXON'S TRADEMARKS AND COPYRIGHTS**

32.    NEXON KR is the owner of U.S. Trademark Reg. No. 3,683,484 for MAPLESTORY and U.S. Trademark Reg. No. 3,565,035 for MAPLESTORY Logo (collectively, the "Trademark Registrations").  Copies of the trademark registration certificates for the Trademark Registrations are attached hereto as Exhibit D.

33.    NEXON US is the exclusive licensee of the Trademark Registrations in the United States.  The marks MAPLESTORY and MAPLESTORY Logo are collectively referred to as the "MAPLESTORY MARKS."

34.    Plaintiffs have expended considerable effort and resources in advertising, promoting, and developing the MAPLESTORY MARKS throughout the world.

35.    As a result of Plaintiffs' investment, the MAPLESTORY MARKS have become associated by the consuming public exclusively with Plaintiffs.

36.    NEXON KR is also the owner of United States Copyright Registration Nos. PA0001741698 and PA0001793977 (the "Copyright Registrations") for MAPLESTORY.

37.    These copyrights cover the software code (in source and object format), story elements, characters, items, audiovisual elements, and other aspects of the MAPLESTORY game.

38.    The Copyright Registrations are original works of authorship.

## JOHN DOES 1-9 DEVELOP AND SELL THE TERMINAL MANAGER TO ALLOW USERS TO "HACK" MAPLESTORY VIA THE INTERNET

39.     Defendants have hacked NEXON's game servers and developed the Terminal Manager, which John Does 1-9 sell at the GameKiller Site.

40.     John Does 1-9, through the GameKiller Site, provide purchasers with instructions on how to engage in hacking of MAPLESTORY.

41.     Such instructions demonstrate the use of the Terminal Manager to generate enhanced characters and bots, and employ other techniques to generate large volumes of NEXON's in-game MESOS currency, depriving NEXON of revenue from its players, placing strains on NEXON's computer servers, and violating the EULA.

42.     As shown in the following screen capture, GameKiller's two listed staff members, Qybah and Blaze, are the source of much of the information regarding how to hack MAPLESTORY, with Qybah posting 16,487 messages, and Blaze posting 6,763 messages.



43.    Qybah and Blaze provide extensive details on how to hack into NEXON's servers that host MAPLESTORY and have provided means by which third parties can accomplish such hacks.

44.    NEXON employs security measures to stop such illegal hacking.

45.    John Does 1-9 advise John Does 10-50 of NEXON's efforts, and John Does 1-9 develop additional hacks to circumvent such measures and post information related to such hacks using a message board under the heading "Game Hacking" and "MapleStory Global & Europe." *See* Exhibit E (showing one thread discussing "ways to bypass such programs [*i.e.*, hacking programs] from being detected" and providing links to download a "custom bot" that "works like a charm").

46. John Does 1-9 create "test" accounts to see if NEXON can detect their hacking efforts and then, if such accounts go undetected by NEXON, release further information and abilities to John Does 10-50 about how to use such hacks against MAPLESTORY and avoid detection.

47. John Does 10-50 create accounts and use the Terminal Manager and the techniques described by John Does 1-9 to generate large volumes of NEXON's in-game MESOS currency, and then sell the accounts to other users of MAPLESTORY in violation of the EULA governing use of MAPLESTORY.

**DEFENDANTS USE THE MAPLESTORY MARK AND THE MAPLESTORY LOGO TO ADVERTISE THEIR "HACKS"**

48. Defendants advertise their hacks of NEXON's MAPLESTORY game using NEXON'S federally registered MAPLESTORY mark and MAPLESTORY LOGO, which depicts a maple leaf design, on the homepage of and throughout the GameKiller Site. *See* Exhibit F.

49. Defendants also advertise their abilities to hack into NEXON's MAPLESTORY game through their Facebook and YouTube pages, which make use of NEXON's trademarks without NEXON's permission. *See* Exhibit G (showing Facebook page) and Exhibit H (showing YouTube page).

50. Defendants exploit the Copyright Registrations, without NEXON's consent, by incorporating story elements, characters, items, audiovisual elements, and other

aspects of the MAPLESTORY game in materials created and distributed by Defendants, including but not limited to content distributed through YouTube.

## BREACH OF NEXON'S TERMS OF SERVICE AND END USER LICENSE AGREEMENT

51. In addition to violations of the above-referenced laws, Defendants' conduct also breaches and induces NEXON's gameplayers to breach NEXON's terms of service and EULA.

52. All users, including Defendants, accessing NEXON's gaming software, such as MAPLESTORY, agree to be bound by the EULA. *See* Exhibit B.

53. NEXON has fully performed its obligations under the EULA.

54. The EULA provides in relevant part:

> You will not use the Services in any manner that in NEXON's sole discretion, is unlawful or could damage, disable, overburden, or impair the Services or interfere with NEXON's or any others' use and enjoyment of the Services. Without limiting the generality of the foregoing, prohibited conduct includes the following, subject to applicable law:
> - Using any hacks, cracks, bots, or third-party software that may modify, temporarily or permanently, the code or the user experience of the Services, whether locally on your device or on servers, or using any application, software or technology that is not expressly authorized by us that enables cheating, powerleveling, or accomplishing game tasks that cannot be accomplished without the use of such an application, software or technology.
> - Reverse engineering, deriving source code, modifying, decompiling, disassembling the Services or any portion thereof, or otherwise determining or attempting to determine any source code, algorithms, methods or techniques used or embodied in the Services.
> …
> - Using any robot, spider, site search/retrieval application or other manual or automatic device or process to retrieve, index, data mine, or

in any way reproduce or circumvent the navigational structure or presentation of the Services, or any content contained therein.

…

- Taking any action that imposes an unreasonable or disproportionately large load on our network or infrastructure.

…

- Intercepting, emulating, or redirecting the communication protocols used by NEXON or its designees in any way, including without limitation through protocol emulation, tunneling, packet sniffing, modifying or adding components to software. use of a data mining utility program to intercept, collect. read or mine information generated by the Services, or in any way utilize a technique now known or hereafter developed that would allow for or otherwise make available unauthorized access or use of the Services.
- Using or attempting to use any viruses, malware, or any other computer code, files, programs, software, routine, or device designed to interrupt, destroy, or limit the functionality or proper working of the Services or NEXON's systems or networks, including by engaging in, instigating, or facilitating any denial of service attack or similar conduct, or attempt to probe, scan, test the vulnerability of, or breach the security of any system or network.
- Using macros, auto-looting or robot play, or any other behavior that allows you (or any character you are controlling) to automatically function or effect any action in a game with or without your presence.

...

- Selling, advertising, or posting information on hacks, private servers (including sources thereof), or gold farming for the Services.
- Creating, utilizing, or transacting in any in-game item created or copied by exploiting a design flaw, undocumented problem, or program bug.

Exhibit B.

55.     John Does 1-50 violate the EULA by (i) hacking MAPLESTORY and selling, advertising, or posting information on hacks, (ii) transferring accounts between players, (iii) selling virtual items (*e.g.*,  MESOS currency), and (iv) imposing unreasonable and disproportional loads on NEXON's network or infrastructure.

56. As detailed above, Defendants' conduct blatantly and wantonly violates the EULA. In order to provide hacking tools to their customers, Defendants have committed several violations of the EULA and induced third parties to violate the same.

**FIRST CLAIM FOR RELIEF**
**AGAINST JOHN DOES 1-9 AND THE *IN REM* DEFENDANT**
(Copyright Infringement under 17 U.S.C. §§ 101 et seq.)

57. The allegations set forth above are incorporated herein by this reference.

58. Defendants continue to sell "hacks" to exploit MAPLESTORY despite their knowledge of NEXON's ownership of the MAPLESTORY copyrights.

59. NEXON did *not* authorize, permit, or consent, expressly or otherwise, to Defendants' sale, distribution, or duplication of Plaintiffs' copyrights.

60. Defendants' actions constitute willful violation of NEXON's exclusive rights.

61. Unless Defendants are enjoined, they will continue to infringe NEXON's copyrights.

62. Defendants' violation of NEXON's copyrights is willful and egregious, as evidenced by their admissions on the GameKiller Site that they "hack" MAPLESTORY.

63. As a result of Defendants' willful and egregious acts of infringement, NEXON is entitled to recover statutory damages of $150,000.00 per work infringed pursuant to 17 U.S.C. § 504(c)(2).

16

64. In addition, NEXON is entitled to recover its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**AGAINST JOHN DOES 1-9 AND THE *IN REM* DEFENDANT**
(Trademark Infringement under 15 U.S.C. § 1114(1))

65. The allegations set forth above are incorporated herein by this reference.

66. MAPLESTORY (U.S. Trademark Reg. 3,683,484) and MAPLESTORY Logo (U.S. Trademark Reg. No. 3,565,035) are duly registered trademarks owned by NEXON KR and exclusively licensed to NEXON US.

67. Defendants have, without Plaintiffs' consent, used and continue to use in commerce reproductions, counterfeits, copies, or colorable imitations of the MAPLESTORY MARKS.

68. Defendants' actions are likely to cause confusion, mistake, or deception in violation of 15 U.S.C. § 1114(1).

69. By committing the acts alleged herein, Defendants have intentionally, knowingly, and willfully infringed Plaintiffs' MAPLESTORY MARKS.

70. Plaintiffs have been irreparably harmed in their business as a result of Defendants' infringement.

71. Plaintiffs will continue to suffer irreparable harm unless Defendants are restrained from infringing Plaintiffs' MAPLESTORY MARKS.

72.    As a result of Defendants' intentional, knowing, and willful counterfeiting of Plaintiffs' MAPLESTORY MARKS, Plaintiffs are entitled to statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  15 U.S.C. § 1117(c)(2).

**THIRD CLAIM FOR RELIEF**
**AGAINST JOHN DOES 1-50 AND THE *IN REM* DEFENDANT**
(Breach of Contract)

73.    The allegations set forth above are incorporated herein by this reference.

74.    The EULA attached as Exhibit B is a valid contract that must be accepted by users prior to installation and use of MAPLESTORY.

75.    Nexon has fully performed its obligations under the EULA.

76.    The EULA prohibits users from (i) hacking MAPLESTORY and selling, advertising, or posting information on hacks, (ii) transferring accounts between players, (iii) selling virtual items (such as MESOS currency), and/or (iv) imposing unreasonable and disproportional loads on NEXON's network or infrastructure.

77.    Defendants have breached the EULA by (i) hacking MAPLESTORY and selling, advertising, or posting information on hacks, (ii) transferring accounts between players, (iii) selling virtual items (such as MESOS currency), and (iv) imposing unreasonable and disproportional loads on NEXON's network or infrastructure.

78.    Defendants' breaches of the EULA have caused damage to NEXON by (i) consuming additional resources as a result of their hacking of MAPLESTORY, (ii)

requiring that NEXON's employees expend time attempting to prevent Defendants from accessing Plaintiffs' servers, and (iii) diverting revenue from Nexon due to Defendants' generation and sale of MESOS currency to other users of MAPLESTORY.

## FOURTH CLAIM FOR RELIEF
## AGAINST JOHN DOES 1-50 AGAINST THE *IN REM* DEFENDANT

(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

79.    The allegations set forth above are incorporated herein by this reference.

80.    Plaintiffs operate servers used in interstate and foreign commerce and that provide access to MAPLESTORY via the Internet.

81.    Defendants intentionally hacked NEXON's servers via the Internet using the Terminal Manager.

82.    Defendants exceed any authority granted to them[2] to access Plaintiffs' servers by hacking MAPLESTORY to, among other things, generate large volumes of NEXON's in-game MESOS currency, and create accounts including such currency for resale to other MAPLESTORY users.

---

[2] "The statute thus provides two ways of committing the crime of improperly accessing a protected computer: (1) obtaining access without authorization; and (2) obtaining access with authorization but then using that access improperly." *Musacchio v. United States*, 577 U.S. 237, 136 S.Ct. 709, 713, 193 L.Ed.2d 639 (2016). The CFAA provides a private right of action for "[a]ny person who suffers damage or loss by reason of a violation of this section." 18 U.S.C. § 1030(g).

83.    John Does 1-9's awareness of the fact that they exceed any authority granted to them to access Plaintiffs' servers is established by Defendants' disclaimer posted on the GameKiller Website and shown below.

> **SIGN UP AGREEMENT (READ!):**
> Usage of our software might break the terms and conditions of the game publisher you agreed to when installing the game. We do not assume any liability for any kind of damage or disadvantage done to your hardware, software, or game account. Our premium memberships include access to the premium area of our forum, access to our products, and user support. We reserve the right to extend or curtail the contents of the premium memberships anytime without any obligation. Once your membership is upgraded to premium by purchase, you lose the right to claim a refund. All content in the premium area is protected property of us and must not be shared with anyone.

84.    Defendants obtained data from the Plaintiffs' servers in the form of NEXON's in-game MESOS currency.

85.    John Does 1-9's actions have caused a loss to Plaintiffs of more than $5,000 during the past year.

86.    NEXON's losses arise from loss of the additional resources consumed by Defendants as a result of their hacking of MAPLESTORY, the value of time of employees of NEXON associated with attempting to prevent Defendants from accessing Plaintiffs' servers, and revenue lost due to Defendants' generation and sale of MESOS currency to other users of MAPLESTORY.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request:

A.    That Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who

20

receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Plaintiffs:

    i.    Using the MAPLESTORY Marks, any colorable imitations thereof, or any marks confusingly similar thereto;

    ii.    Copying, reproducing, or distributing any program, including the Terminal Manager, to obtain unauthorized access to Plaintiffs' servers;

    iii.    Violating the terms of the EULA; and

    iv.    Otherwise deceptively or unfairly competing with Plaintiffs.

B.    That Plaintiffs be awarded their costs and fees incurred in this action under 15 U.S.C. § 1117(a);

C.    That Plaintiffs be awarded statutory damages against each of John Does 1-9 in the amount of $200,000 pursuant to 15 U.S.C. § 1117(c)(2);

D.    That Plaintiffs be awarded statutory damages of $30,000 against each of John Does 1-9 pursuant to 17 U.S.C. § 504(c)(2);

E.    That Plaintiffs be awarded their costs and fees incurred in this action under 17 U.S.C. § 505;

F.    That Plaintiffs be awarded any interest of John Does 1-9 in the *in rem* Defendant.

G.    That Plaintiffs be awarded such other further relief to which they may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated:  May 20, 2021



By:   /s/ Ezekiel R Dumke IV

*Attorney for Plaintiffs*


**Plaintiffs NEXON AMERICA INC. and NEXON KOREA CORPORATION, hereby demand a trial by jury.**


Dated:  May 20, 2021



By:   /s/ Ezekiel R Dumke IV

*Attorney for Plaintiffs*

22

## VERIFICATION

I, Timothy J. Quinlan, declare:

That I am employed by Nexon America, Inc. as its Vice President, Legal Affairs; that I have read and am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of May 2021 in Los Angeles, California.

