Michael W. Ellison, Esq. (SBN 145832)
mellison@sehlaw.com
Michael G. Bosko (SBN 162571)
mbosko@sehlaw.com
SMITH ♦ ELLISON
2151 Michelson, Suite 185
Irvine, California 92612
Telephone: (949) 442-1500
Facsimile: (949) 442-1515

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| **NEXON AMERICA INC.** and **NEXON KOREA CORPORATION**, <br><br> Plaintiffs, <br><br> v. <br><br> **GK, NATHAN JONES, COLIN SULLIVAN, JOHN KIM, MIKE, JOHN ARTUZ, MARVIN LEI, KEVIN KIM, ALAIN KOOPMANS, MATTHEW RAHMINOV, DESTIN ADAMSKI, DRIVEN ENTERPRISE, VICTOR PARK, MOISES SILVERIO PAULUS, DOR AVITAL, BIBI ALI, JANCARLOS GARCÍA SAAVEDRA, TONY NGO, SELIM AYDOGAN, WENHAO MA, HAO VU, MATTHEW WOODS; and** <br><br> **ALL FUNDS HELD BY PAYPAL, INC. AND TRACEABLE TO THE DEFENDANTS LISTED ABOVE,** *in rem*; <br><br> Defendants. | Case No.: 5:21-cv-00886-JWH-KK <br><br> **FIRST AMENDED VERIFIED COMPLAINT** |

1

Case No.: 5:21-cv-00886-JWH-KK

Plaintiffs NEXON America Inc. ("NEXON US") and NEXON KOREA Corporation ("NEXON KR") (collectively, "NEXON"), for their claims against GK, NATHAN JONES, MIKE, JOHN ARTUZ, MARVIN LEI, KEVIN KIM, ALAIN KOOPMANS, MATTHEW RAHMINOV, DESTIN ADAMSKI, DRIVEN ENTERPRISE, VICTOR PARK, MOISES SILVERIO PAULUS, DOR AVITAL, BIBI ALI, JANCARLOS GARCÍA SAAVEDRA, TONY NGO, SELIM AYDOGAN, WENHAO MA, HAO VU, MATTHEW WOODS, AND ALL FUNDS HELD BY PAYPAL, INC. AND TRACEABLE TO THE DEFENDANTS LISTED ABOVE, *in rem* ("Defendants"), allege as follows:

## **NATURE AND SUBSTANCE OF THE ACTION**

1.     NEXON is a pioneer in the world of interactive entertainment software, and since its founding in 1994, has introduced some of the most significant innovations in the industry, including the world's first graphic massively multiplayer online role-playing game (MMORPG) and the first free-to-play game.  NEXON is an industry leader in MMORPGs, with more than 80 live games operated across more than 190 countries, proving that online games are a progressive, mainstream form of entertainment.

2.     One of NEXON's most popular games is MAPLESTORY®, which has amassed over 180 million players worldwide.

3.     MAPLESTORY's popularity and devoted fan base have made it a target of hackers seeking to profit from the goodwill associated with MAPLESTORY.

Case No.: 5:21-cv-00886-JWH-KK

4.      Plaintiffs file this complaint against hackers who have targeted MAPLESTORY with the intent of profiting from NEXON'S rights.  NEXON brings claims for infringement of NEXON's trademark registrations for MAPLESTORY under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, infringement of NEXON's copyright in the MAPLESTORY® game ("MAPLESTORY") in violation of the Copyright Act, 17 U.S.C. § 501, *et seq.*, for unauthorized access to Plaintiffs' computer servers in violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.*, and for breach of the End User License Agreement ("EULA") that each user must accept as a condition of using MAPLESTORY.

**PARTIES**

5.      Plaintiff NEXON America Inc. ("NEXON US") is a Delaware corporation with its principal place of business at 621 Hawaii Street, El Segundo, California.

6.      Plaintiff NEXON Korea Corporation is a Korean corporation, with its principal place of business at 7 Pangyo-ro 256 Beon-gil, Bundang-gu, Seongnam-si, Gyeonggi-do, KOREA.

7.      Defendant GK is an entity of unknown origin purportedly operating in Toronto, Canada.

8.      The address provided by GK to PayPal, Inc. ("PayPal") (*i.e.*, 1980 Yonge Street, Toronto, Ontario M4W 1J7, Canada) is a building that is unoccupied on the first floor and has a nail salon on the second floor.

Case No.: 5:21-cv-00886-JWH-KK

9.      Defendant NATHAN JONES is an individual purportedly residing in Toronto, Canada.

10.     The address provided by NATHAN JONES to PayPal (i.e., 1980 Yonge Street, Toronto, Ontario M4W 1J7, Canada) is a building that is unoccupied on the first floor and has a nail salon on the second floor.

11.     Defendant COLIN SULLIVAN is an individual purportedly residing in Fresh Meadows, New York.

12.     The address provided by COLIN SULLIVAN to PayPal (i.e., 190-02 Horace Harding Expy, Fresh Meadows, NY 11365) is an AMC Theater location.

13.     Defendant JOHN KIM is an individual purportedly residing in New Jersey.

14.     The address provided by JOHN KIM to PayPal (i.e., Horace Harding Expressway, Fresh Meadows, NY 11365) is incomplete because it is comprised of the name of an major urban interstate without any house or building number.

15.     Defendants GK, NATHAN JONES, COLIN SULLIVAN, and JOHN KIM (collectively the "Hack Developers") are responsible for developing "hacks" that exploit MAPLESTORY and are offered at GAMEKILLER.NET (the "GameKiller Site"), which is a self-described "game hacking & cheating community."  The GameKiller Site allows users to purchase "hacks" for use in connection with MAPLESTORY.

16.     Defendant MIKE is an individual purportedly residing in Canada at an unknown address.

4

Case No.: 5:21-cv-00886-JWH-KK

17.    Defendant JOHN ARTUZ is an individual purportedly residing in Canada at an unknown address.

18.    Defendant JOHN ARTUZ also created an account with NEXON US using the same email address identified by PayPal.  The Nexon User ID of Defendant JOHN ARTUZ is supresor45.  Defendant JOHN ARTUZ most recently connected to Nexon's servers using an IP address registered in Toronto, Canada.  Defendant JOHN ARTUZ accepted NEXON's Terms of Service and End User License Agreement (the "EULA"), which can be reviewed at https://www.NEXON.com/main/en/legal/tou, as a condition of creating the account.

19.    Defendant MARVIN LEI is an individual purportedly residing in the United States at an unknown address.

20.    Defendant MARVIN LEI also created an account with NEXON US using the same email address identified by PayPal. The Nexon User ID of Defendant MARVIN LEI is LegitMarvin.  Defendant MARVIN LEI most recently connected to Nexon's servers using an IP address registered in Ashburn, Virginia.  Defendant MARVIN LEI accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

21.    Defendant KEVIN KIM is an individual purportedly residing in the United States at an unknown address.

22.    Defendant ALAIN KOOPMANS is an individual purportedly residing in the Netherlands at an unknown address.

5

Case No.: 5:21-cv-00886-JWH-KK

23. Defendant ALAIN KOOPMANS also created an account with NEXON US using the same email address identified by PayPal. The Nexon User ID of Defendant ALAIN KOOPMANS is 610795D4983B. Defendant ALAIN KOOPMANS most recently connected to Nexon's servers using an IP address registered in the Netherlands. Defendant ALAIN KOOPMANS accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

24. Defendant MATTHEW RAHMINOV is an individual purportedly residing in Israel at an unknown address.

25. Defendant MATTHEW RAHMINOV also created an account with NEXON US using the same email address identified by PayPal. The Nexon User ID of Defendant MATTHEW RAHMINOV is 814BD84F5D04. Defendant MATTHEW RAHMINOV most recently connected to Nexon's servers using an IP address registered in Israel. Defendant MATTHEW RAHMINOV accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

26. Defendant DESTIN ADAMSKI is an individual purportedly residing in the United States at an unknown address.

27. Defendant DRIVEN ENTERPRISE is an entity of unknown origin and sponsorship purportedly operating in the United States at an unknown address.

28. Defendant DRIVEN ENTERPRISE also created an account with NEXON US using the same email address identified by Paypal. The Nexon User ID of Defendant DRIVEN ENTERPRISE is CraziestDude. Defendant DRIVEN ENTERPRISE most

Case No.: 5:21-cv-00886-JWH-KK

recently connected to Nexon's servers using an IP address registered in Mt. Laurel, New Jersey.  Defendant DRIVEN ENTERPRISE accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

29.     Nexon has temporarily blocked the account created by Defendant DRIVEN ENTERPRISE due to suspicious activity identified by Nexon and unrelated to this complaint.

30.     Defendant VICTOR PARK is an individual purportedly residing in the United States at an unknown address.

31.     Defendant VICTOR PARK also created an account with NEXON US using the same email address identified by Paypal.  The Nexon User ID of Defendant VICTOR PARK is 92258B0E228D.  Defendant VICTOR PARK most recently connected to Nexon's servers using an IP address registered in Santa Clara, California.  Defendant VICTOR PARK accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

32.     Nexon has permanently blocked the account created by Defendant VICTOR PARK due to violations of Nexon regulations and unrelated to this complaint.

33.     Defendant MOISES SILVERIO PAULUS is an individual purportedly residing in the Dominican Republic at an unknown address.

34.     Defendant MOISES SILVERIO PAULUS also created an account with NEXON US using the same email address identified by Paypal.  The Nexon User ID of Defendant MOISES SILVERIO PAULUS is bloodypunk8.  Defendant MOISES

7

Case No.: 5:21-cv-00886-JWH-KK

SILVERIO PAULUS most recently connected to Nexon's servers using an IP address registered in Santo Domingo, Dominican Republic. Defendant MOISES SILVERIO PAULUS accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

35.    Defendant DOR AVITAL is an individual purportedly residing in Israel at an unknown address.

36.    Defendant DOR AVITAL also created an account with NEXON US using the same email address identified by PayPal. The Nexon User ID of Defendant DOR AVITAL is A3F99B821275. Defendant DOR AVITAL most recently connected to Nexon's servers using an IP address registered in Israel. Defendant DOR AVITAL accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

37.    Defendant BIBI ALI is an individual purportedly residing in the United States at an unknown address.

38.    Defendant JANCARLOS GARCÍA SAAVEDRA is an individual purportedly residing in Peru at an unknown address.

39.    Defendant JANCARLOS GARCÍA SAAVEDRA also created an account with NEXON US using the same email address identified by PayPal. The Nexon User ID of Defendant JANCARLOS GARCÍA SAAVEDRA is joelito1. Defendant JANCARLOS GARCÍA SAAVEDRA most recently connected to Nexon's servers using an IP address registered in Lima, Peru. Defendant JANCARLOS GARCÍA SAAVEDRA accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

Case No.: 5:21-cv-00886-JWH-KK

40.     Defendant TONY NGO is an individual purportedly residing in the United States at an unknown address.

41.     Defendant TONY NGO also created an account with NEXON US using the same email address identified by PayPal.  The Nexon User ID of Defendant TONY NGO is 208742774B17.  Defendant TONY NGO most recently connected to Nexon's servers using an IP address registered in Montreal, Canada.  Defendant TONY NGO accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

42.     Defendant SELIM AYDOGAN is an individual purportedly residing in the Netherlands at an unknown address.

43.     Defendant SELIM AYDOGAN also created an account with NEXON US using the same email address identified by PayPal.  The Nexon User ID of Defendant SELIM AYDOGAN is k000.  Defendant SELIM AYDOGAN most recently connected to Nexon's servers using an IP address registered in Edmonton, Canada.  Defendant SELIM AYDOGAN accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

44.     Nexon has temporarily blocked the account created by Defendant SELIM AYDOGAN due to suspicious activity identified by Nexon and unrelated to this complaint.

45.     Defendant WENHAO MA is an individual purportedly residing in C2 at an unknown address.

Case No.: 5:21-cv-00886-JWH-KK

46. Defendant HAO VU is an individual purportedly residing in Australia at an unknown address.

47. Defendant MATTHEW WOODS is an individual purportedly residing in the United States at an unknown address.

48. Defendant MATTHEW WOODS also created an account with NEXON US using the same email address identified by PayPal.  The Nexon User ID of Defendant MATTHEW WOODS is Gawdlyyyx.  Defendant MATTHEW WOODS most recently connected to Nexon's servers using an IP address registered in Mt. Laurel, New Jersey.  Defendant MATTHEW WOODS accepted NEXON's Terms of Service and EULA, as a condition of creating the account.

49. Defendants MIKE, JOHN ARTUZ, MARVIN LEI, KEVIN KIM, ALAIN KOOPMANS, MATTHEW RAHMINOV, DESTIN ADAMSKI, DRIVEN ENTERPRISE, VICTOR PARK, MOISES SILVERIO PAULUS, DOR AVITAL, BIBI ALI, JANCARLOS GARCÍA SAAVEDRA, TONY NGO, SELIM AYDOGAN, WENHAO MA, HAO VU, and MATTHEW WOODS (the "Hack Users") purchased the hacks and used the hacks developed by the Hack Developers.

50. The *in rem* Defendant consists of all funds held by PayPal and traceable to the above-described defendants.

51. This Court authorized Plaintiffs to serve a subpoena on PayPal to identify Defendants.  *See* ECF No. 12.

Case No.: 5:21-cv-00886-JWH-KK

52.    That subpoena shows that the Hack Developers realized more than $1,100,000.00 in revenue from sales of the hacks.

53.    In response to that subpoena, PayPal provided addresses for the Hack Developers; however, each of those addresses appears to be fictitious.

54.    Also in response to that subpoena, PayPal provided email addresses for the Hack Users but not physical addresses.

55.    The GameKiller Site accepted payments via Paypal for the hacks developed by the Hack Developers using the email account apptrailerjones@hotmail.com, the identifier "PAYPAL *GK," and/or the token 36d2e3c2e2b6145333e90104999a0d5f24aa4444.  *See* Exhibit A (showing payments made via PayPal).

56.    According to the records produced by PayPal, each of the Hack Users made at least 100 separate purchases of the hacking programs created by the Hack Developers.

57.    The Hack Users use the hacking programs created by the Hack Developers to create MAPLESTORY accounts and, using techniques described by the Hack Developers, and generate large volumes of NEXON's in-game MESOS currency, and then sell the accounts to other MAPLESTORY users.

Case No.: 5:21-cv-00886-JWH-KK

## JURISDICTION AND VENUE

58.    This Court has subject matter jurisdiction over the causes of action[1] asserted in this complaint pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents, and trademarks).

59.    This Court has personal jurisdiction over Defendants based on NEXON's Terms of Service and End User License Agreement (the "EULA"), which can be reviewed at https://www.NEXON.com/main/en/legal/tou.  *See also* Exhibit B.

60.    The terms of the EULA must be accepted by users prior to installation and use of MAPLESTORY.

61.    Each Defendant accepted the EULA in connection with the installation and/or use of MAPLESTORY.

62.    The EULA provides in pertinent part:

Except as otherwise provided for in Section X, you agree to submit to the personal and exclusive jurisdiction of the courts located within the specified forum:

| Game Publisher | Governing Law | Forum |
|---|---|---|
| NEXON Co., Ltd. | Japan | Tokyo District Court |

---

[1] NEXON brings its claims pursuant to the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), the Copyright Act (17 U.S.C. § 501 *et seq.*), and the Computer Fraud and Abuse Act ("CFAA")(18 U.S.C. § 1030 *et seq.*).

Case No.: 5:21-cv-00886-JWH-KK

| Game Publisher | Governing Law | Forum |
|---|---|---|
| Nexon America Inc. | California, USA | State or Federal Court within the County of Los Angeles, California |
| Nexon Korea Corporation | Korea | Seoul Central District Court of Korea |

63.    In its response to the subpoena, PayPal identified the country in which each of the Hack Users resides, and several of the Hack Users are located in foreign countries.

64.    Personal jurisdiction over the Hack Users located in foreign countries is appropriate under Fed R. Civ. P. 4(k)(2), which permits the exercise of jurisdiction over foreign defendants where (1) a claim arises under federal law, (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction, and (3) the exercise of personal jurisdiction comports with due process.

65.    The claims asserted herein arise under federal law, *i.e.*, the CFAA, the Lanham Act, and the Copyright Act.

66.    On information and belief, Nexon alleges that each of the Hack Users located outside of the United States is not subject to the personal jurisdiction of any state court of general jurisdiction.

67.    All Defendants expressly consented to the jurisdiction of this Court in the EULA.

13

Case No.: 5:21-cv-00886-JWH-KK

68.     The exercise of personal jurisdiction over the Hack Developers is further appropriate because the Hack Developers utilized an interactive website (*i.e.*, the GameKiller Site), that includes a "Purchase Terminal" through which the Hack Developers generated more than $1,100,000.00 in revenue by selling "hacks" used against MAPLESTORY, as shown the *gamekiller.net* screenshot excerpt below:



69.     In assessing specific jurisdiction through Internet conduct, "the common thread ... is that 'the likelihood that personal jurisdiction can be constitutionally exercised

14

Case No.: 5:21-cv-00886-JWH-KK

is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.'" *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997).

70.    Jurisdiction is appropriate over the Hack Developers because the sale of the "hacks" occurs entirely online through the GameKiller Site.  The GameKiller Site creates a contract for the sale of goods and services (*i.e.*, the hacks and related information) with users.

71.    The Hack Developers generated over $1,100,000.00 in revenue through sale of the hacks.

72.    The Hack Developers accept payment for their "hacks" either through PayPal or cryptocurrency.

73.    Paypal is headquartered in California, and the Hack Developers use PayPal to collect payments for the "hacks" sold through the GameKiller Site.

74.    Jurisdiction over Defendants is also appropriate under the "effects test," which "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *College-Source, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

Case No.: 5:21-cv-00886-JWH-KK

75.    As shown in the screen capture above, the Hack Developers explicitly acknowledge "[u]sage of our software might break the terms and conditions of the game publisher [*i.e.*, NEXON] . . . ."

76.    This disclaimer is an acknowledgment of the harm suffered by NEXON in the forum state.

77.    Upon receipt of payment, the Hacking Defendants permit the Hack Users to download a "Terminal Manager" and provide detailed instructions for using the "Terminal Manager" to hack MAPLESTORY's servers via the Internet.  *See e.g.*, Exhibit C (*gamekiller.net* screenshot displaying instructions for using "Terminal Manager" to hack MAPLESTORY's servers and evade detection).

78.    The "Terminal Manager" allows the Hack Users to connect to NEXON's servers and deploy the hacks provided by the Hack Developers.

79.    The "Terminal Manager" includes "Evasion Settings," as shown below, enabling users to avoid "get[ting] reported" to NEXON and "getting autobanned" for using hacks in violation of NEXON's end-user license agreement.

Case No.: 5:21-cv-00886-JWH-KK

LOGIN

Very useful, as it helps your character automatically re-login when it DCs

EVASION SETTINGS

This is essentially "player protection" - avoids other players so you don't get reported.

CRASH SETTINGS

Most important is "Wait for 15 minutes after 3 DCs in 15 minutes". This prevents you from getting autobanned from constantly disconnecting. Make sure to enable this **Note: if you use low settings

## NEXON'S TRADEMARKS AND COPYRIGHTS

80.     NEXON KR is the owner of U.S. Trademark Reg. No. 3,683,484 for MAPLESTORY and U.S. Trademark Reg. No. 3,565,035 for MAPLESTORY Logo (collectively, the "Trademark Registrations").  Copies of the trademark registration certificates for the Trademark Registrations are attached hereto as Exhibit D.

17

Case No.: 5:21-cv-00886-JWH-KK

81.    NEXON US is the exclusive licensee of the Trademark Registrations in the United States.  The marks MAPLESTORY and MAPLESTORY Logo are collectively referred to as the "MAPLESTORY MARKS."

82.    Plaintiffs have expended considerable effort and resources in advertising, promoting, and developing the MAPLESTORY MARKS throughout the world.

83.    As a result of Plaintiffs' investment, the MAPLESTORY MARKS have become associated by the consuming public exclusively with Plaintiffs.

84.    NEXON KR is also the owner of United States Copyright Registration Nos. PA0001741698 and PA0001793977 (the "Copyright Registrations") for MAPLESTORY.

85.    These copyrights cover the software code (in source and object format), story elements, characters, items, audiovisual elements, and other aspects of the MAPLESTORY game.

86.    The Copyright Registrations are original works of authorship.

## THE HACK DEVELOPERS CREATED AND SELL THE TERMINAL MANAGER TO ALLOW USERS TO "HACK" MAPLESTORY VIA THE INTERNET

87.    Defendants have hacked NEXON's game servers and developed the Terminal Manager, which the Hack Developers sell at the GameKiller Site.

88.    The Hack Developers, through the GameKiller Site, provide purchasers with instructions on how to hack MAPLESTORY.

18

89.    Such instructions demonstrate how to use Terminal Manager to generate enhanced characters and bots and employ other techniques to generate large volumes of NEXON's in-game MESOS currency, depriving NEXON of revenue from its players, placing strains on NEXON's computer servers, and violating the EULA.

90.    As shown in the following screen capture, GameKiller's two listed staff members, Qybah and Blaze, are the source of much of the information regarding how to hack MAPLESTORY, with Qybah posting 16,487 messages, and Blaze posting 6,763 messages.



91.    Qybah and Blaze provide extensive details on how to hack into the NEXON servers that host MAPLESTORY and the means by which third parties can accomplish such hacks.

Case No.: 5:21-cv-00886-JWH-KK

92.     NEXON employs security measures to stop such illegal hacking.

93.     NEXON employs security measures to control access to its copyright works.

94.     The Hack Developers advise the Hack Users of NEXON's efforts both to stop illegal hacking and to control access to NEXON's copyrighted works, and the Hack Developers create additional hacks to circumvent such measures and post information related to such hacks using a message board with the heading "Game Hacking" and "MapleStory Global & Europe."  *See* Exhibit E (showing thread discussing "ways to bypass such programs [*i.e.*, hacking programs] from being detected" and providing links to download a "custom bot" that "works like a charm").

95.     The Hack Developers create "test" accounts to see if NEXON can detect their hacking efforts and then, if such accounts go undetected by NEXON, release further information and abilities to the Hack Users about how to use such hacks against MAPLESTORY and avoid detection.

96.     The use of hacking allows the Hack Users to access and exploit Nexon's copyrighted materials without Nexon's consent.

97.     The Hack Developers generate revenue by selling hacks that enable circumvention of Nexon's technological security measures designed to control access to Nexon's copyrighted works.

98.     The Hack Users create accounts and use the Terminal Manager and the techniques described by the Hack Developers to generate large volumes of NEXON's in-

Case No.: 5:21-cv-00886-JWH-KK

game MESOS currency, and then sell the accounts to other users of MAPLESTORY in violation of the EULA governing use of MAPLESTORY.

99. The Hack Users sell the hacked accounts containing large volumes of NEXON's in-game MESOS currency, and on information and belief, use PayPal to receive payment for the accounts.

## DEFENDANTS USE THE MAPLESTORY MARK AND THE MAPLESTORY LOGO TO ADVERTISE THEIR "HACKS"

100. Defendants advertise their hacks of MAPLESTORY using NEXON'S federally registered MAPLESTORY mark and MAPLESTORY LOGO, which depicts a maple leaf design, on the homepage of and throughout the GameKiller Site. *See* Exhibit F (*gamekiller.net* screenshots.

101. Defendants also advertise their abilities to hack into MAPLESTORY through their Facebook and YouTube pages, which make use of NEXON's trademarks without NEXON's permission. *See* Exhibit G (showing Facebook page) and Exhibit H (showing YouTube page).

102. Defendants exploit the Copyright Registrations, without NEXON's consent, by incorporating story elements, characters, items, audiovisual elements, and other aspects of MAPLESTORY in materials created and distributed by Defendants, including but not limited to content distributed through YouTube.

## BREACH OF NEXON'S TERMS OF SERVICE AND END USER LICENSE AGREEMENT

21

103.   In addition to violations of the above-referenced laws, Defendants' conduct also breaches and induces NEXON's gameplayers to breach NEXON's terms of service and EULA.

104.   All users, including Defendants, accessing NEXON's gaming software, such as MAPLESTORY, agree to be bound by the EULA.  *See* Exhibit B.

105.   NEXON has fully performed its obligations under the EULA.

106.   The EULA provides in relevant part:

> You will not use the Services in any manner that in NEXON's sole discretion, is unlawful or could damage, disable, overburden, or impair the Services or interfere with NEXON's or any others' use and enjoyment of the Services. Without limiting the generality of the foregoing, prohibited conduct includes the following, subject to applicable law:
>
> - Using any hacks, cracks, bots, or third-party software that may modify, temporarily or permanently, the code or the user experience of the Services, whether locally on your device or on servers, or using any application, software or technology that is not expressly authorized by us that enables cheating, powerleveling, or accomplishing game tasks that cannot be accomplished without the use of such an application, software or technology.
> - Reverse engineering, deriving source code, modifying, decompiling, disassembling the Services or any portion thereof, or otherwise determining or attempting to determine any source code, algorithms, methods or techniques used or embodied in the Services.
>   …
> - Using any robot, spider, site search/retrieval application or other manual or automatic device or process to retrieve, index, data mine, or in any way reproduce or circumvent the navigational structure or presentation of the Services, or any content contained therein.
>   …
> - Taking any action that imposes an unreasonable or disproportionately large load on our network or infrastructure.
>   …

22

Case No.: 5:21-cv-00886-JWH-KK

- Intercepting, emulating, or redirecting the communication protocols used by NEXON or its designees in any way, including without limitation through protocol emulation, tunneling, packet sniffing, modifying or adding components to software. use of a data mining utility program to intercept, collect, read or mine information generated by the Services, or in any way utilize a technique now known or hereafter developed that would allow for or otherwise make available unauthorized access or use of the Services.
- Using or attempting to use any viruses, malware, or any other computer code, files, programs, software, routine, or device designed to interrupt, destroy, or limit the functionality or proper working of the Services or NEXON's systems or networks, including by engaging in, instigating, or facilitating any denial of service attack or similar conduct, or attempt to probe, scan, test the vulnerability of, or breach the security of any system or network.
- Using macros, auto-looting or robot play, or any other behavior that allows you (or any character you are controlling) to automatically function or effect any action in a game with or without your presence. ...
- Selling, advertising, or posting information on hacks, private servers (including sources thereof), or gold farming for the Services.
- Creating, utilizing, or transacting in any in-game item created or copied by exploiting a design flaw, undocumented problem, or program bug.

Exhibit B.

107.   Defendants violate the EULA by (i) hacking MAPLESTORY and selling, advertising, or posting information on hacks, (ii) transferring accounts between players, (iii) selling virtual items (*e.g.*,  MESOS currency), and (iv) imposing unreasonable and disproportional loads on NEXON's network or infrastructure.

108.   As detailed above, Defendants' conduct blatantly and wantonly violates the EULA. In order to provide hacking tools to their customers, Defendants have committed several violations of the EULA and induced third parties to violate the same.

23

Case No.: 5:21-cv-00886-JWH-KK

# FIRST CLAIM FOR RELIEF
## AGAINST THE HACK DEVELOPERS AND THE *IN REM* DEFENDANT
(Copyright Infringement under 17 U.S.C. §§ 101 et seq.)

109.   The allegations set forth above are incorporated herein by this reference.

110.   The Hack Developers continue to sell "hacks" to exploit MAPLESTORY despite their knowledge of NEXON's ownership of the MAPLESTORY copyrights.

111.   NEXON did *not* authorize, permit, or consent, expressly or otherwise, to the Hack Developers' sale, distribution, or duplication of Plaintiffs' copyrights.

112.   The Hack Developers' actions constitute willful violation of NEXON's exclusive rights.

113.   Unless the Hack Developers are enjoined, they will continue to infringe NEXON's copyrights.

114.   The Hack Developers' violation of NEXON's copyrights is willful and egregious, as evidenced by their admissions on the GameKiller Site that they "hack" MAPLESTORY.

115.   As a result of the willful and egregious acts of infringement, NEXON is entitled to recover statutory damages of $150,000.00 per work infringed pursuant to 17 U.S.C. § 504(c)(2) from the Hack Developers and the *In Rem* Defendant.

116.   In the alternative, NEXON is entitled to recover actual damages in an amount to be proven at trial from the Hack Developers and the *In Rem* Defendant

117.   In addition, NEXON is entitled to recover its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 from the Hack Developers and the *In Rem* Defendant.

24

## SECOND CLAIM FOR RELIEF
## AGAINST THE HACK DEVELOPERS AND THE *IN REM* DEFENDANT
(Trademark Infringement under 15 U.S.C. § 1114(1))

118. The allegations set forth above are incorporated herein by this reference.

119. MAPLESTORY (U.S. Trademark Reg. 3,683,484) and MAPLESTORY Logo (U.S. Trademark Reg. No. 3,565,035) are duly registered trademarks owned by NEXON KR and exclusively licensed to NEXON US.

120. The Hack Developers and the *In Rem* Defendant have, without Plaintiffs' consent, used and continue to use in commerce reproductions, counterfeits, copies, or colorable imitations of the MAPLESTORY MARKS.

121. The actions of the Hack Developers and the *In Rem* Defendant are likely to cause confusion, mistake, or deception in violation of 15 U.S.C. § 1114(1).

122. By committing the acts alleged herein, the Hack Developers and the *In Rem* Defendant have intentionally, knowingly, and willfully infringed Plaintiffs' MAPLESTORY MARKS.

123. Plaintiffs have been irreparably harmed in their business as a result of the infringement of the Hack Developers and the *In Rem* Defendant .

124. Plaintiffs will continue to suffer irreparable harm unless the Hack Developers and the *In Rem* Defendant are restrained from infringing Plaintiffs' MAPLESTORY MARKS.

125. As a result of the intentional, knowing, and willful counterfeiting of Plaintiffs' MAPLESTORY MARKS by the Hack Developers and the *In Rem* Defendant,

25

Plaintiffs are entitled to statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  15 U.S.C. § 1117(c)(2).

## THIRD CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS ALL DEFENDANTS AND THE *IN REM* DEFENDANT
(Breach of Contract)

126.    The allegations set forth above are incorporated herein by this reference.

127.    The EULA attached as Exhibit B is a valid contract that must be accepted by users prior to installation and use of MAPLESTORY.

128.    Nexon has fully performed its obligations under the EULA.

129.    The EULA prohibits users from (i) hacking MAPLESTORY and selling, advertising, or posting information on hacks, (ii) transferring accounts between players, (iii) selling virtual items (such as MESOS currency), and/or (iv) imposing unreasonable and disproportional loads on NEXON's network or infrastructure.

130.    Defendants have breached the EULA by (i) hacking MAPLESTORY and selling, advertising, or posting information on hacks, (ii) transferring accounts between players, (iii) selling virtual items (such as MESOS currency), and (iv) imposing unreasonable and disproportional loads on NEXON's network or infrastructure.

131.    Defendants' breaches of the EULA have caused damage to NEXON by (i) consuming additional resources as a result of their hacking of MAPLESTORY, (ii)

26

requiring NEXON's employees to expend time attempting to prevent Defendants from accessing Plaintiffs' servers, and (iii) diverting revenue from NEXON due to Defendants' generation and sale of MESOS currency to other users of MAPLESTORY.

## FOURTH CLAIM FOR RELIEF
## AGAINST ALL DEFENDANTS AND THE *IN REM* DEFENDANT
(Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

132. The allegations set forth above are incorporated herein by this reference.

133. Plaintiffs operate servers used in interstate and foreign commerce and that provide access to MAPLESTORY via the Internet.

134. Defendants intentionally hacked NEXON's servers via the Internet using the Terminal Manager.

135. Defendants exceed any authority granted to them[2] to access Plaintiffs' servers by hacking MAPLESTORY to, among other things, generate large volumes of NEXON's in-game MESOS currency, and create accounts including such currency for resale to other MAPLESTORY users.

---

[2] "The statute thus provides two ways of committing the crime of improperly accessing a protected computer: (1) obtaining access without authorization; and (2) obtaining access with authorization but then using that access improperly." *Musacchio v. United States*, 577 U.S. 237 (2016). The CFAA provides a private right of action for "[a]ny person who suffers damage or loss by reason of a violation of this section." 18 U.S.C. § 1030(g).

27

136.   The Hack Users' awareness of the fact that they exceed any authority granted to them to access Plaintiffs' servers is established by the disclaimer posted on the GameKiller Site and shown below:

**SIGN UP AGREEMENT (READ!):**
Usage of our software might break the terms and conditions of the game publisher you agreed to when installing the game. We do not assume any liability for any kind of damage or disadvantage done to your hardware, software, or game account. Our premium memberships include access to the premium area of our forum, access to our products, and user support. We reserve the right to extend or curtail the contents of the premium memberships anytime without any obligation. Once your membership is upgraded to premium by purchase, you lose the right to claim a refund. All content in the premium area is protected property of us and must not be shared with anyone.

137.   Defendants obtained data from Plaintiffs' servers in the form of NEXON's in-game MESOS currency.

138.   The Hack Developers' actions have caused a loss to Plaintiffs of more than $5,000 during the past year.

139.   NEXON's losses arise from loss of the additional resources consumed by Defendants as a result of their hacking of MAPLESTORY, the value of the time of NEXON employees associated with attempting to prevent Defendants from accessing Plaintiffs' servers, and revenue lost due to Defendants' generation and sale of MESOS currency to other users of MAPLESTORY.

## FIFTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS AND THE *IN REM* DEFENDANT
(Circumvention of Copyright Protection System, 17 U.S.C. § 1201)

140.   The allegations set forth above are incorporated herein by this reference.

141.   At all times pertinent hereto, MAPLESTORY has been protected by technological measures to effectively control access to copyrighted content in the game.

28

Case No.: 5:21-cv-00886-JWH-KK

142.   The Terminal Manager program is designed to avoid, bypass, remove, deactivate, or impair the technological measures implemented by NEXON to control access to the copyrighted content in MAPLESTORY.

143.   The Terminal Manager program has limited commercially significant purpose or use other than to circumvent the technological measures implemented by NEXON that effectively control access to the copyrighted content in MAPLESTORY.

144.   Defendants have actual notice of NEXON's objection to any attempt to circumvent the technological measures used by NEXON to protect the copyrighted content in MAPLESTORY and expressly agreed by accepting the EULA not to circumvent such technological measures.

145.   NEXON has been damaged by Defendants' circumvention of the technological measures that controlled access to the copyrighted work of NEXON contained in MAPLESTORY in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request:

A.   That Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Plaintiffs:

Case No.: 5:21-cv-00886-JWH-KK

      i.    Using the MAPLESTORY MARKS (any colorable imitations thereof, or any marks confusingly similar thereto);

     ii.    Infringing NEXON's copyrights;

   iii.    Copying, reproducing, or distributing any program, including the Terminal Manager, to obtain unauthorized access to Plaintiffs' servers;

   iv.    Circumventing technological measures implemented by NEXON to control access to the copyrighted content in MAPLESTORY;

     v.    Violating the terms of the EULA; and

   vi.    Otherwise deceptively or unfairly competing with Plaintiffs.

B.    That Plaintiffs be awarded their costs and fees incurred in this action under 15 U.S.C. § 1117(a);

C.    That Plaintiffs be awarded statutory damages against each of the Hack Developers in the amount of $200,000 pursuant to 15 U.S.C. § 1117(c)(2);

D.    That all defendants be ordered to provide an accounting of profits realized through their wrongful conduct and that the Court enter an order disgorging all profits derived through Defendants' wrongful conduct.

E.    In the alternative, that Plaintiffs be awarded statutory damages of $30,000 against each of the Hack Developers pursuant to 17 U.S.C. § 504(c)(2);

F.    That Plaintiffs be awarded their costs and fees incurred in this action under 17 U.S.C. § 505;

G.    That Plaintiffs be awarded any interest of the Hack Developers in the *in rem*

Case No.: 5:21-cv-00886-JWH-KK

Defendant.

H.   That Plaintiffs be awarded any interest of the Hack Users in the *in rem*

Defendant.

I.   That Plaintiffs be awarded such other further relief to which they may be

entitled as a matter of law or equity, or which the Court determines to be just

and proper.

DATED:  August 19, 2021                     Michael W. Ellison
                                            Michael G. Bosko
                                            SMITH ♦ ELLISON
                                            A Professional Corporation


                                            By /S/  MICHAEL W. ELLISON
                                               Michael W. Ellison
                                            Attorneys for Plaintiffs Nexon America Inc.
                                            and Nexon Korea Corporation


**Plaintiffs NEXON AMERICA INC. and NEXON KOREA CORPORATION,**

**hereby demand a trial by jury.**

DATED:  August 19, 2021                     Michael W. Ellison
                                            Michael G. Bosko
                                            SMITH ♦ ELLISON
                                            A Professional Corporation


                                            By /S/  MICHAEL W. ELLISON
                                               Michael W. Ellison
                                            Attorneys for Plaintiffs Nexon America Inc.
                                            and Nexon Korea Corporation

31

## VERIFICATION

I, Timothy J. Quinlan, declare:

That I am employed by NEXON America Inc. as its Vice President, Legal Affairs; that I have read and am familiar with, and have personal knowledge of the contents of the foregoing First Amended Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of August 2021 in Los Angeles, California.

<br>

_____

32

Case No.: 5:21-cv-00886-JWH-KK