UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                     Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

 Melissa H. Kunig                                                         N/A   
Deputy Clerk                                                              Court Reporter

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:

Not Present                                                       Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [127]**

Before the court is Plaintiffs Nexon America Inc. and Nexon Korea Corporation's (collectively, "Plaintiffs") second Motion for Default Judgment ("Motion" or "Mot."). (Dkt. 127). The Motion is supported by the declaration of Plaintiffs' counsel ("Cherry Decl.") and the exhibits attached thereto. (Dkts. 127-1–127-9.) The Motion is unopposed. (*See generally* Dkt.) The court heard oral argument on September 29, 2022, and then took the matter under submission. (Dkt. 139.) Based on the record, as applied to the applicable law, the Motion is **GRANTED IN PART AND DENIED IN PART.**

I.      **Background**

        **A. Factual Background**

        Plaintiffs are two corporations: Nexon America Inc., a Delaware corporation with its principal place of business in El Segundo, California, and Nexon Korea, a Korean corporation with its principal place of business in Gyeonggi-do, Korea. (First Amended Complaint ("FAC") ¶¶ 5-6.) Plaintiffs produce and market "massively multiplayer online role-playing games," including the game at issue, MapleStory (the "Game"). (*Id.* ¶ 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

Plaintiffs own valid trademarks and copyrights associated with the Game. (*Id.* ¶¶ 80-86.) Plaintiff Nexon America Inc. owns registered trademarks for the Game's name (No. 3,683,484) and logo (No. 3,565,035). (*Id.* ¶¶ 80-83.) Plaintiff Nexon Korea also owns several registered copyrights (Nos. PA0001741698 & PA0001793977) covering "the software code (in source and object format), story elements, characters, items, audiovisual elements, and other aspects" of the Game. (*Id.* ¶¶ 85-86.)

In order to play the Game, users must agree to the Terms of Service and End User License Agreement ("EULA") prior to installation and use. (*Id.* ¶¶ 59-60.) The EULA expressly prohibits "[u]sing any hacks, cracks, bots, or third-party software that may modify, temporarily or permanently, the code or the user experience of the Services" and "[s]elling, advertising, or posting information on hacks, private servers (including sources thereof), or gold farming for the Services." (*Id.* ¶¶ 106; *see also id.*, Exh. B.) Each of the Defendants in this case accepted the EULA in connection with the installation or use of the Game. (*Id.* ¶ 61.)

Plaintiffs allege that Defendants infringed on the trademarks and copyrights at issue and breached the EULA in various ways. Plaintiffs allege that Defendants "GK", Nathan Jones, Colin Sullivan, and John Kim (collectively, the "Developer Defendants") developed a program that "exploits the [Game's] copyrighted software code." (Mot. at 1.) The program was allegedly hosted on a website entitled "Gamekiller.net" that enabled players to purchase the illicit program on a subscription basis. (*Id.*)

Plaintiffs further allege that Defendant Hieu Huynh, Defendant John Artuz, Defendant Marvin Lei, Defendant Alain Koopmans, Defendant Matthew Rahminov, Defendant Destin Adamski, Defendant Driven Enterprise, Defendant Victor Park, Defendant Moises Silverio Paulus, Defendant Dor Avital, Defendant Bibi Ali, Defendant Jancarlos García Saavedra, Defendant Tony Ngo, Defendant Selim Aydogan, Defendant Wenhao Ma, and Defendant Ha Vu (collectively, the "User Defendants") purchased the illicit program "at least 100 separate times." (*Id.*) Then, the User Defendants allegedly opened accounts in the Game, used the program to "illicitly obtain story elements, characters, audiovisual elements, and large volumes of . . . in-game currency", and then sold these accounts to other users in violation of the end user license agreement. (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

### B. Procedural Background

Plaintiffs filed suit on May 21, 2021.  (*See* Dkt. 1.)  The FAC alleges five causes of action against Defendants: (1) copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, (FAC ¶¶ 109-17); (2) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1141(1), (*id.* ¶¶ 118-25); (3) breach of contract, (*id.* ¶¶ 126-31); (4) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (*id.* ¶¶ 132-39); and (5) circumvention of a copyright protection system in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, (*id.* ¶¶ 140-45).[1]

Plaintiffs requested and the court granted limited discovery to ascertain the identity of the Defendants.  (*See* Dkts. 2, 12.)  Plaintiffs then filed an *ex parte* application seeking a temporary restraining order to enjoin Defendants from selling the illicit program or creating alternative programs and requesting leave to serve Defendants by email.  (*See generally* Dkt. 19.)  The court denied Plaintiffs' temporary restraining order but granted Plaintiffs' request to serve Defendants via email pursuant to Federal Rule of Civil Procedure 4(e).  (Dkt. 26 at 7-8.)  Plaintiffs then filed Proof of Service by email on all Defendants.  (Dkt. 80.)  The court later granted Plaintiffs' request to serve subpoenas on Paypal and Square—the platforms Defendants

---

[1] Because Plaintiffs do not seek default judgment or damages related to the trademark infringement claim in this Motion or in their previous motion for default judgment, (*see generally* Dkt. 109), the court finds Plaintiffs have abandoned this claim.  *See BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 826 (9th Cir. 2000) ("A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case.") (citing *USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1282 (9th Cir. 1994)); *Quintero v. Ford Motor. Co.*, 2022 WL 2869771, at *2 (9th Cir. July 21, 2022) (mem.) ("Abandonment generally requires that 'a litigant deliberately decline to pursue an argument or remove it from the case.'") (quoting *Walker v. Beard*, 780 F.3d 1125, 1133 (9th Cir. 2015)); *Marentes v. State Farm Mut. Auto. Ins. Co.*, 224 F. Supp. 3d 891, 919 (N.D. Cal. 2016) (finding claims abandoned on motion for summary judgment where plaintiffs were silent as to those claims in opposing papers).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

allegedly used to collect payments—to calculate damages in support of the instant Motion.
(Dkt. 105.)

Plaintiffs requested that the Clerk of Court enter default on November 8, 2021, as to
Defendants Destin Adamski, Bibi Ali, John Artuz, Dor Avital, Selim Ayodogan, Driven
Enterprise, GK, Nathan Jones, John Kim, Alain Koopmans, Marvin Lei, Mike (AKA Hu),
Wenhao Ma, Tony Ngo, Victor Park, Moises Silverio Paulus, Matthew Rahminov, Jancarlos
García Saavedra, Colin Sullivan, and Hao Vu.  (Dkt 87.)  On November 10, 2021, the Clerk
entered default as to all Defendants.  (Dkts. 91-94, 97.)

On May 20, 2022, Plaintiffs filed their first motion for default judgment against
Defendants "GK," Nathan Jones, Colin Sullivan, John Kim, "Mike," John Artuz, Marvin Lei,
Alain Koopmans, Matthew Rahminov, Destin Adamski, Driven Enterprise, Victor Park, Moises
Silverio Paulus, Dor Avital, Bibi Ali, Jancarlos García Saavedra, Tony Ngo, Selim Aydogan,
Wenhao Ma, and Hao Vu.  (Dkt. 109.)  Before the court ruled on the motion, Plaintiffs
stipulated to set aside Defendant Bibi Ali's default.  (Dkt. 114.)  Plaintiffs also dismissed
Defendants Destin Adamski, Marvin Lei, "MIKE," Tony Ngo, and Moises Silverio Paulus on
June 22, 2022, and Alain Koopmans on July 20, 2022.  (Dkts. 116, 119.)

On August 2, 2022, the court denied Plaintiffs' first motion for default judgment because,
in summary, Plaintiffs did not meet the procedural requirements of Local Rule 55-1 and, in the
alternative, did not adequately serve those defendants residing outside of the United States
pursuant to Federal Rule of Civil Procedure 4(f).  (Dkt. 120.)

Plaintiffs subsequently dismissed Defendants John Artuz, Dor Avital, Bibi Ali, All Funds
Held by Paypal Inc., Selim Ayodogan, GK, Wenaho Ma, Matthew Rahminov, and Hao Vu.
(Dkts. 121, 122, 124, 125.)  On August 18, 2022, Plaintiffs filed the Motion seeking default
judgment against Defendants Nathan Jones, Colin Sullivan, John Kim, Driven Enterprise a/k/a
Vivencio Reyes, Victor Park, and Jancarlos García Saavedra.  (Dkt. 127.)  Plaintiffs and
Defendant Vivencio Reyes subsequently stipulated to set aside his default on October 12, 2022,
(Dkt. 132), and Plaintiffs filed a supplemental document modifying the Motion to reflect that
stipulation, (Dkt. 138.)  Plaintiffs later dismissed Defendant Vivencio Reyes pursuant to Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                         Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

Rule of Civil Procedure 41(a)(1)(A)(ii) on November 15, 2022.  (Dkts. 144, 145.)  Accordingly, Plaintiffs now seek default against the only remaining defendants—Defendants Nathan Jones, Colin Sullivan, John Kim, Victor Park, and Jancarlos García Saavedra.  (*See* Mot.; Dkt. 138.)

## II.    Legal Standard

### A.    Procedural Requirements for Default Judgment

A party seeking a default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and Local Rules.  Under Federal Rule of Civil Procedure 55(b), a party may only seek a default judgment from the court following an entry of default by the Clerk of Court.  Fed. R. Civ. P. 55(b).  Additionally, the "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  Finally, the party also must comply with Local Rule 55-1 by submitting a declaration alongside the application for default judgment that includes the following information:

> (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2).

L.R. 55-1.

### B.    Substantive Requirements to Grant Default Judgment

Where a party seeking default judgment meets the procedural requirements discussed above, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment.  In *Eitel*, the Ninth Circuit stated:

---

**CIVIL MINUTES – GENERAL**                                                                 **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                         Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

> Factors which may be considered by courts in exercising discretion as
> to the entry of a default judgment include: (1) the possibility of
> prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint, (4) the sum of money at stake in
> the action; (5) the possibility of a dispute concerning material facts; (6)
> whether the default was due to excusable neglect, and (7) the strong
> policy underlying the Federal Rules of Civil Procedure favoring
> decisions on the merits.

*Id.* at 1471-72.

"The district court's decision whether to enter a default judgment is a discretionary one."
*Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon
default the factual allegations of the complaint, except those relating to the amount of damages,
will be taken as true." *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)
(quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal quotation
marks and citations omitted)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th
Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the
general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

### III.    Discussion

### A.    Subject Matter and Personal Jurisdiction

Before entering default judgment against a non-appearing party, district courts have an
affirmative duty to consider subject matter jurisdiction, personal jurisdiction, and service. *In re
Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be
successfully attacked as void, a court should determine whether it has the power, i.e., the
jurisdiction, to enter the judgment in the first place.").

The court finds it has subject matter jurisdiction over Plaintiffs' claims pursuant to 28
U.S.C. §§ 1331, 1338, and 1367. *See* 28 U.S.C. § 1338 ("The district courts shall have original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                      Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

jurisdiction of any civil action arising under any Act of Congress relating to patents, plant
variety protection, copyrights and trademarks.").

The court also finds it may exercise personal jurisdiction over all Defendants.  In
particular, the court notes it may exercise personal jurisdiction where defendants consent to an
end-user license agreement containing a forum selection clause so long as the clause's terms are
reasonable.  *See SEC v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007); *Twitch Interactive, Inc. v.
Johnson*, 2019 WL 3387977, at *4 (N.D. Cal. July 26, 2019) ("[C]ourts have found personal
jurisdiction based on consent to forum selection clauses contained in internet websites' terms of
use.  Accordingly, the Court may enforce the forum selection clause unless it is unreasonable.");
*Craigslist, Inc. v. Kerbel*, 2012 WL 316798, at *6 (N.D. Cal. Aug. 2, 2012) ("[T]he court need
not embark on a 'minimum contacts analysis where the defendants have consented to California
jurisdiction.").  In this case, the EULA's forum selection clause provides for personal and
exclusive jurisdiction in "State or Federal Court within the County of Los Angeles, California."
(FAC ¶ 62; *see also* Dkt. 1., Exh. B.)  The court finds insufficient evidence that the EULA's
terms are unreasonable and also notes that no party has objected to the EULA's terms.  *See
Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1052 (N.D. Cal. 2010) ("The party
disputing the validity of a forum selection clause bears the burden of proving the clause is
unenforceable.").

In addition, the court also finds that Plaintiffs adequately served all Defendants so as to
confer personal jurisdiction.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)
("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil
Procedure, or there is no personal jurisdiction.").  "Rule 4 is a flexible rule that should be
liberally construed so long as a party receives sufficient notice of the complaint" and service
was made in "substantial compliance with Rule 4."  *See Crowley v. Bannister*, 734 F.3d 967,
975 (9th Cir. 2013) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

In this case, Plaintiffs obtained an order authorizing service on Defendants using the
email addresses associated with their PayPal accounts pursuant to Rule 4(e).  (*See* Dkt. 26.)
Based on the record, including the proofs of service and the exhibits submitted by Plaintiffs in
support of the Motion, the court finds that Plaintiffs substantially complied with Rule 4 and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                    Date: January 11, 2023
Title: Nexon America Inc. *et al*. v. GK *et al*.

Defendants received sufficient notice of the suit.  (*See, e.g.*, Dkts. 78; 80; 127, Exh. A, D, E, G.) As a result, the court finds it may exercise personal jurisdiction over all Defendants.  Because the court finds that subject matter jurisdiction exists, Defendants are subject to personal jurisdiction in California, and Plaintiffs substantially complied with Rule 4, the court proceeds to assess the procedural requirements for default judgment.

**B.    Procedural Requirements**

As a threshold matter, the court finds Plaintiffs have met the procedural requirements of Local Rule 55-1.  The declaration of Plaintiffs' counsel states that the Clerk entered default against Defendants Nathan Jones, John Kim, Victor Park, Colin Sullivan, and Jancarlos García Saavedra on November 10, 2021, as to the First Amended Complaint.  (Cherry Decl. ¶¶ 1-2.; *see also* Dkts. 92, 93, 94.)  The declaration also provides that Defendants are not minors or incompetent persons or persons protected by the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521.  (Cherry Decl. ¶¶ 4, 9.)  Finally, Plaintiffs' requested relief—a permanent injunction, statutory damages, profit disgorgement, attorney's fees, and costs—does not differ in kind or exceed in amount the relief requested in the Complaint.  *See* Fed. R. Civ. P. 54(c).  (*See also generally* FAC, Prayer for Relief.)  Because Plaintiffs have met the procedural requirements for default judgment, the court next addresses the *Eitel* factors.

**C.    Application of the *Eitel* Factors**

1.    <u>Possibility of Prejudice to Plaintiff</u>

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, Defendants Nathan Jones, Colin Sullivan, John Kim, and Victor Park have not answered or otherwise participated in the suit.  (*See generally* Dkt.)  As a result, the court finds Plaintiffs will be prejudiced if default judgment is not entered because Plaintiffs  will "likely be without other recourse for recovery."  *See PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the court concludes the first *Eitel* factor weighs in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

2.    <u>The Merits of Plaintiffs' Substantive Claim and the Sufficiency of the
Complaint</u>

Next, under the second and third *Eitel* factors, the court considers the substantive merits
of the plaintiff's claims and the sufficiency of the operative complaint. *Eitel*, 782 F.2d at 1471;
*see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to
the second and third factors] is whether the allegations in the complaint are sufficient to state a
claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010)
("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the
complaint are often analyzed together.").  In this case, Plaintiffs allege four claims:
(1) copyright infringement in violation of 17 U.S.C. 101 *et seq.* against the Developer
Defendants; (2) breach of contract against all Defendants; (3) violation of the Computer Fraud
and Abuse Act, 18 U.S.C. § 1030, against all Defendants; and (4) circumvention of a copyright
prevention system in violation of the DMCA, 17 U.S.C. § 1202(a)(2), against all Defendants.
(*See* Mot. at 9-13.)

a.    *Copyright Infringement Against the Developer Defendants*

Plaintiffs allege that the Developer Defendants committed "willful" copyright
infringement.  (*Id.* ¶¶ 109-17.)  To state a claim for direct copyright infringement, a plaintiff
must allege: (1) "ownership of the allegedly infringed material" and (2) "the alleged infringers
violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106"; and
(3) causation.  *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (internal
quotation marks omitted), *cert. denied*, 140 S. Ct. 122, 205 L. Ed. 2d 41 (2019); *see also* 17
U.S.C. § 501(a).  The exclusive rights protected by 17 U.S.C. § 106 "include the right to
reproduce the copyrighted work, the right to prepare derivative works, the right to distribute
copies to the public, and the right to publicly display the work."  *Religious Tech. Ctr. v. Netcom
On-Line Commc'n Servs., Inc.*, 907 F. Supp. 2d 1361, 1367 (N.D. Cal. 1995).  To establish
causation, or volitional conduct, the plaintiff "must provide some evidence showing the alleged
infringer exercised control (other than by general operation of its website); selected any material

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                              Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

for upload, download, transmission, or storage; or instigated any copying, storage, or
distribution of the photos." *VHT*, 918 F.3d at 732 (cleaned up).

Here, the court finds Plaintiffs sufficiently allege ownership of the copyrights at issue by
providing the corresponding copyright registration numbers. *See United Fabrics Intern., Inc. v.
C & J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (stating copyright registration is "prima
facie evidence of the validity of the copyright and the facts stated in the certificate") (quoting 17
U.S.C. § 410(c)). The court also finds Plaintiffs adequately allege that the Developer
Defendants: (1) accessed the Game; and (2) infringed Plaintiffs' exclusive rights by duplicating,
selling, and distributing elements of the Game, including "story elements, characters, items,
[and] audiovisual elements," without Plaintiffs' authorization or permission. (*See, e.g.*, FAC
¶¶ 78, 84-85, 89, 96-98, 102, 107.) *See also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp.
2d 1039, 1055 (N.D. Cal. 2010) (finding plaintiff adequately pleaded a copyright infringement
claim where plaintiff alleged copyright registration numbers and that defendant unlawfully
copied plaintiff's website). Accordingly, the court finds that the merits and sufficiency of
Plaintiffs' copyright infringement claim against the Developer Defendants weigh in favor of
entering default judgment.

> *b.    Breach of Contract Against All Defendants*

Plaintiffs also allege that both the Developer Defendants and the User Defendants
breached the End User License Agreement. In California, "the elements of a cause of action for
breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for
nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis
W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. Gen. Ins. Co.*, 68
Cal. 2d 822, 830 (1968)).

First, Plaintiffs allege that the End User License Agreement is a valid contract which
users must accept prior to installing and utilizing the Game. (FAC ¶¶ 60-61, 127.) Plaintiffs
also attached the terms of the End User License Agreement. (*See id.*, Exh. B.) Second,
Plaintiffs allege they performed under this contract by maintaining their servers and permitting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                         Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

Defendants to play the Game.  (*Id.* ¶ 128.)  Third, Plaintiffs allege Defendants breached the
terms of the End User License Agreement by hacking the Game and selling, advertising, or
posting information on hacks; transferring accounts between players; selling virtual items; and
imposing unreasonable and disproportionate loads on Plaintiffs' network or infrastructure.  (*See*
FAC ¶¶ 106-08.)  Fourth, Plaintiffs allege this breach damages Plaintiffs by "(i) consuming
additional resources as a result of their hacking of [the Game], (ii) requiring [Plaintiffs']
employees to expend time attempting to prevent Defendants from accessing Plaintiffs' servers,
and (iii) diverting revenue from [Plaintiffs] due to Defendants' generation and sale of MESOS
currency to other users of [the Game]."  (*Id.* ¶ 131.)

Accordingly, the court concludes that Plaintiffs have adequately alleged a breach of
contract claim based on Defendants' purported violations of the End User License Agreement.
*See, e.g.*, *Blizzard Ent. Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006, 1017-18 (C.D.
Cal. 2013) (holding defendants breached contract where defendants played the game and agreed
to end user license agreement, plaintiff performed by maintaining servers and permitting players
to play the game, defendants used bots in game play in contravention of terms of the end user
license agreement, and plaintiff expended "hundreds of thousands of dollars combating the use
of software bots[] and the individual [d]efendants' use of the [b]ots contribute[d] to those
increased costs").  As a result, the court finds the merits and sufficiency of Plaintiffs' breach of
contract claim weighs in favor of granting default judgment.

        c.    *Violation of the Computer Fraud and Abuse Act Against All
            Defendants*

Plaintiffs next allege that Defendants violated the Computer Fraud and Abuse Act, 18
U.S.C. § 1030.  (FAC ¶¶ 132-39.)  To allege a claim under 18 U.S.C. § 1030(g) based on a
violation of 18 U.S.C. § 1030(a)(4), the plaintiff must demonstrate that the defendant: "(1)
accessed a 'protected computer,' (2) without authorization or exceeding such authorization that
was granted, (3) 'knowingly' and with 'intent to defraud,' and thereby (4) 'further[ed] the
intended fraud and obtain[ed] anything of value,' causing (5) a loss to one or more persons
during any one-year period aggregating at least $5,000 in value.  *LVRC Holdings LLC v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

*Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009) (quoting first 18 U.S.C. § 1030(a), then *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d. Cir. 2005), then *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004)).

With regard to this claim, the allegations state Plaintiffs operate servers that allow users to access the Game via the Internet and that these servers are used in both interstate and foreign commerce.  (*See* FAC ¶ 133; Mot. at 12 n.22.)  As a result, these servers qualify as protected computers under the Computer Fraud and Abuse Act.  *See* 18 U.S.C. § 1030(e)(2)(B).

Plaintiffs further allege that the Developer Defendants created the Terminal Manager to knowingly and intentionally hack Plaintiffs' servers and manipulate elements of the Game.  (FAC ¶¶ 134-36.)  Plaintiffs also allege the User Defendants intentionally accessed the Game using the Terminal Manager.  (*Id.*)  In utilizing the Terminal Manager, all Defendants purportedly exceeded the authorization granted to them and obtained valuable data by: (1) illicitly generating enhanced characters, bots, and large volumes of in-game currency; (2) creating accounts with access to this in-game currency; and/or (3) reselling these accounts to other users.  (*Id.* ¶¶ 89, 134-35, 137.)  Plaintiffs allege that the disclaimer posted on the GameKiller website demonstrates that Defendants "knowingly" exceeded their authorization with the "intent to defraud" because the disclaimer explicitly states that "[u]sage of our software might break the terms and conditions of the game publisher you agreed to when installing the game." (*Id.* ¶ 136.)  Finally, Plaintiffs allege that Defendants' actions caused Plaintiffs to lose more than $5,000 in the past year due to loss of resources consumed by Defendants, the loss of time Plaintiffs' employees spent attempting to prevent Defendants from accessing Plaintiffs' servers, and the loss of additional revenue as a result of Defendants' generation and sale of in-game currency.  (*Id.* ¶¶ 138-39.)  *See also Ticketmaster L.L.C. v. Prestige Ent. W., Inc.*, 315 F. Supp. 3d 1147, 1172 (C.D. Cal. 2018) ("Under the CFAA, loss is 'any reasonable cost to the victim.'") (quoting 18 U.S.C. § 1030(e)(1)).  Given these allegations, the court finds Plaintiffs sufficiently plead a violation of 18 U.S.C. § 1030(a)(4).  As a result, the court finds the merits and sufficiency of the allegations favor entering default judgment as to Plaintiffs' claim for violation of the Computer Fraud and Abuse Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                      Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

d.    *Violation of the Digital Millennium Copyright Act Against All Defendants*

Plaintiffs' final claim against Defendants is a violation of the DMCA, specifically 17 U.S.C. § 1202(a)(2).  To allege a violation of section 1202(a)(2), the plaintiff must prove:

> (1) ownership of a valid copyright on a work, (2) effectively controlled by a technological measure, which has been circumvented, (3) that third parties can now access (4) without authorization, in a manner that (5) infringes or facilitates infringing a right protected by the Copyright Act, because of a product that (6) the defendant either (i) designed or produced primarily for circumvention; (ii) made available despite only limited commercial significance other than circumvention; or (iii) marketed for use in circumvention of the controlling technological measure.

*Craigslist, Inc.*, 694 F. Supp. 2d at 1055-56 (quoting *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096, 1111 (C.D. Cal. 2007)).

The court finds Plaintiffs sufficiently alleged a violation of section 1202(a)(2) as to the Developer Defendants.  First, as discussed above, Plaintiffs have adequately pleaded valid copyrights.  *See United Fabrics Intern.*, 630 F.3d at 1257.  Second, Plaintiffs adequately alleged that Plaintiffs employ security measures to prevent illegal hacking and control access to the Game.  (FAC ¶¶ 92-93, 141.)  Third, Plaintiffs allege that the Developer Defendants designed and produced a program that enabled users to circumvent Plaintiffs' security measures and obtain unauthorized access to Plaintiffs' copyrighted material, specifically "story elements, characters, items, audiovisual elements," and in-game currency.  (*Id.* ¶¶ 88-89, 91, 94, 96, 142.) Fourth, Plaintiffs allege that Defendants' program has limited commercial significance other than as a means of circumventing Plaintiffs' security measures.  (*Id.* ¶ 143.)  Thus, the court concludes that Plaintiffs adequately alleged a violation of the DMCA with regard to the Developer Defendants.  Accordingly, the court finds the merits and sufficiency of the DMCA claim against the Developer Defendants weigh in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                      Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

However, the court finds that Plaintiffs did not adequately allege a violation of the
DMCA with regard to the User Defendants because Plaintiffs do not sufficiently allege that the
User Defendants "designed or produced" the program; made the program available; or
otherwise marketed it for use. *See Craigslist, Inc.*, 694 F. Supp. 2d at 1056. Thus, the court
finds Plaintiffs have not adequately alleged that the User Defendants violated the DMCA and
this claim weighs against granting default judgment with respect to the User Defendants.

In addition, because Plaintiffs' factual allegations against the User Defendants do not
establish an entitlement to relief under the DMCA, the court sua sponte **DISMISSES** Plaintiffs'
DMCA claim against the User Defendants for failure to state a claim. *See, e.g.*, *Ariz. Bd. of
Regents v. Doe*, 555 F. Supp. 3d 805, 819-20 (D. Ariz. 2021) (finding plaintiffs' failure to state
claims under *Eitel* factors two and three cut in favor of dismissing those claims because "it
would be pointless to deny the default judgment but then allow those claims to linger on the
Court's docket"); *Doe v. Qi*, 349 F. Supp. 2d 1258, 1334 (N.D. Cal. 2004) (denying in part
motion for default judgment and dismissing claims subject to that denial); *Aldabe*, 616 F.2d at
1092-93 (affirming district court's denial of default judgment and sua sponte dismissal of
claims).

      3.    <u>Sum of Money at Stake</u>

The fourth *Eitel* factor considers "the amount of money at stake in relation to the
seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This *Eitel* factor
"requires a comparison of the recovery sought and the nature of defendant's conduct to
determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015
WL 4545360, at *6 (C.D. Cal. May 27, 2015). "When the sum of money at stake in the
litigation is substantial or unreasonable, default judgment is discouraged." *Yelp Inc. v. Catron*,
70 F. Supp. 3d 1082, 1100 (quoting *Bd. of Trs. v. Core Concrete Constr., Inc.*, 2012 WL
380304, at *4 (N.D. Cal. Jan. 17, 2012)).

In this case, Plaintiffs request a default judgment of $6,450,526.54 against the Developer
Defendants and $199,728.00 against the User Defendants pursuant to 17 U.S.C.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                  Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

§ 1203(c)(3)(A), § 504(c)(1), and Local Rule 55-3.  (*Id.* at 3-4.)  The court finds Plaintiffs' requested statutory damages fall within the acceptable ranges prescribed by 17 U.S.C. §§ 1203(c)(3)(A), 504(c), and Local Rule 55.  *See* 17 U.S.C. § 1203(c)(3)(A) (stating a party may recover statutory damages for each violation of section 1201 "in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service, as the court considers just."); *id.* § 504(c) (stating a copyright owner may recover statutory damages "in a sum of not less than $750 or more than $30,000").  The court also finds the requested statutory damages proportionate to the harm caused by Defendants' actions, particularly because Plaintiffs allege willfulness.  *See Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1101 (N.D. Cal. 2003) ("Statutory damages are particularly appropriate in a case, such as this one, in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages."); *Blizzard Ent., Inc. v. Bossland GmbH*, 2017 WL 7806600, at *10 (C.D. Cal. Mar. 31, 2017) (awarding plaintiff $8,563,600.00 based on alleged violations of the DMCA).  Accordingly, the court concludes the fourth *Eitel* factor weighs in favor of default judgment.

4.    Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (quoting *TeleVideo*, 826 F.2d at 917-18).  In this case, the court finds Plaintiffs "filed a well-pleaded complaint alleging the facts necessary to establish its claims." *Phillip Morris USA, Inc. v. Castworld Prod. Inc*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Because Defendants have failed to plead or otherwise defend in this action and the court must accept well-pleaded facts in the Complaint as true, the court finds Plaintiffs' allegations are undisputed at this time. *See TeleVideo*, 826 F.2d at 917-18.  Additionally, the court finds that Plaintiffs' supporting exhibits "provid[e] substantial evidence of the alleged infringing use," thus "render[ing] the possibility of a dispute concerning material facts negligible." *See Rosen v. Movie Times, Inc.*, 2021 WL 1338960, *4 (N.D. Cal. Apr. 9, 2021).  (*See also* Mot., Exhs. A-G.)  As a result, the court concludes the fifth *Eitel* factor weighs in favor of granting default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                      Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

5.    <u>Whether Default Was Due to Excusable Neglect</u>

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). In this case, as discussed above, the court finds Plaintiffs obtained a court order authorizing service upon Defendants by email and thus substantially complied with Rule 4. (*See, e.g.*, Dkts. 78; 80; 127, Exhs. A, D, E, G.) Accordingly, the court finds there is little possibility that Defendants' default resulted from excusable neglect and that the sixth *Eitel* factor weighs in favor of entering default judgment. *See Globe Ent. & Media, Corp. v. Global Images, USA*, 2022 WL 2703845, at *5 (C.D. Cal. July 11, 2022) (finding possibility of excusable neglect "remote" where defendant was served with pleadings and motion for default judgment).

6.    <u>Policy Favoring Decision on the Merits</u>

"Under the seventh *Eitel* factor, the court takes into account the strong policy favoring decisions on the merits." *Globe Ent.*, 2022 WL 2703845, at *5; *see also Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal.1996)). "[W]hen a defendant's failure to appear and respond makes a decision on the merits impractical, if not impossible, default judgment is appropriate" "[n]otwithstanding the strong policy presumption in favor of a decision on the merits." *Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc.*, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Here, the court finds a decision on the merits is "impractical, if not impossible" because Defendants have failed to appear or respond. (*See generally* Dkt.) Accordingly, the court finds this factor weighs against but does not preclude an entry of default judgment.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

7.    <u>Summary of the *Eitel* Factors</u>

In conclusion, the court finds *Eitel* factors one, two, three, four, five, and six weigh in favor of an entry of default judgment as to the Developer Defendants. Additionally, the court finds *Eitel* factors one, two, three, four, five, and six weigh in favor of an entry of default judgment with respect to Plaintiffs' breach of contract and Computer Fraud and Abuse Act claims against the User Defendants. The court also finds factor seven weighs against default judgment but is not dispositive with regard to all Defendants. Accordingly, the court **GRANTS** default judgment as to all Plaintiffs' claims against the Developer Defendants and the breach of contract and Computer Fraud and Abuse Act claims against the User Defendants.

However, the court finds *Eitel* factors two, three and seven weigh against default judgment with regard to Plaintiffs' DMCA claim against the User Defendants. Because Plaintiffs did not adequately allege the DMCA claim with regard to the User Defendants, the court **DENIES** the Motion as to that claim and **DISMISSES** that claim against the User Defendants.

In sum, the court's decision, claim by claim, is as follows:

| Claim | Developer Defendants | User Defendants |
|---|---|---|
| Copyright infringement | Granted | Not subject to this claim |
| Breach of contract | Granted | Granted |
| CFAA | Granted | Granted |
| DMCA | Granted | Denied and Dismissed |
| Trademark infringement | Abandoned | Abandoned |

The court proceeds to assess Plaintiffs' requested relief with respect to the remaining claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                              Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

### D.   Plaintiffs' Requested Relief

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys.*, 826 F.2d at 917-18.  The plaintiff bears "the burden of proving damages through testimony or written affidavit.  *Bd. of Trs. Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).  The court assesses Plaintiffs' requested relief first with respect to the Developer Defendants, then the User Defendants, and then attorney's fees and costs.

    1.   <u>Damages Against the Developer Defendants</u>

In this case, Plaintiffs requests a default judgment of $6,450,526.54 against the Developer Defendants consisting of: $5,631,200 awarded pursuant to 17 U.S.C. § 1203(c)(3)(A); $688,316.22 awarded pursuant to 17 U.S.C. § 504(b) as disgorgement of profits; and $130,010.32 in attorney's fees pursuant to Local Rule 55-3.  (Dkt. 138-1 at 2-3.)  Plaintiffs also request a permanent injunction against the Developer Defendants.

    *a.   Statutory Damages under the DMCA*

Plaintiffs first seek $5,631,200.00 in statutory damages under 17 U.S.C. § 1203(c)(3)(A). (Mot. at 18.)  Pursuant to section §1203(c)(3)(A), a prevailing plaintiff "may elect to recover an award of statutory damages for each violation of section 1201 in the sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service, as the court considers just."  17 U.S.C. § 1203(c)(3)(A).

In this case, Plaintiffs seek an award of statutory damages using the minimum multiplier of $200.00 for each alleged sale of the illicit program in violation of section 1201.  (Mot. at 18.) Plaintiffs determined the number of violations by reviewing the records of Defendants' PayPal accounts and tallying each transaction labeled with the term "Terminal" or "MapleStory."  (*See* Cherry Decl. ¶¶ 27-28.)  Using this method, Plaintiffs identified 30,436 credit transactions labeled "Terminal" and 4,688 credit transactions labeled "MapleStory."  (*Id.*)  The court finds that Plaintiffs have not sufficiently demonstrated that the transactions labeled "Terminal" relate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

to the Developer Defendants' program, particularly because Plaintiffs do not adequately specify whether the Developer Defendants only offer this program for the MapleStory Game or also sell other iterations of or similarly labeled "Terminal Manager" programs for other games on the "Gamekiller" website.  (*See generally* FAC.)  In addition, the court notes that Plaintiffs have not provided the records at issue but instead provide only high-level summaries of the data, i.e., the number of credit transactions alone.  Based on the record, the court awards Plaintiffs damages only for the 4,688 transactions labeled "MapleStory" that may be fairly attributed to the alleged violations.  The court thus awards $937,600.00 (4,688 x $200.00) in statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(A).

  *b.* *Disgorgement of Profits under the Copyright Act*

  Plaintiffs next request disgorgement of profits pursuant to 17 U.S.C. § 504(b).  Pursuant to section 504(b) "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  17 U.S.C. § 504(b).  Section 504(b) requires that the copyright owner "present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  *Id.*

  Plaintiffs identify two revenue streams based on the same transaction labels discussed in the previous section.  Specifically, Plaintiffs attribute $688,244.97 in gross revenue to 30,436 transactions labeled "Terminal" and $105,564.00 in gross revenue to 4,688 transactions labeled "MapleStory."  Like Plaintiffs' requested DMCA damages, the court finds that Plaintiffs' have not adequately established that the identified revenue streams "bear a legally sufficient relationship to the infringement."  *See Polar Bear Prods. v. Timex*, 384 F.3d 700, 708-11 (9th Cir. 2004) ("Under § 504(b), actual damages must be suffered 'as a result of the infringement,' and recoverable profits must be 'attributable to the infringement.'").  Because "a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profit," *id.* at 708, the court only awards Plaintiffs gross revenue fairly attributable to the infringement, or, in this case, gross revenue stemming from transactions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                        Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

labeled "MapleStory."  Accordingly, the court awards Plaintiffs $105,564.00 pursuant to 17 U.S.C. § 504(b).

       *c.*    *Attorney's Fees*

    Plaintiffs request attorney's fees in accordance with the fee schedule provided by the Central District of California's Local Rule 55-3.  (*Id.*)  Under Local Rule 55-3, a party awarded more than $100,000 may recover $5,600 in attorney's fees plus 2% of the judgment amount over $100,000 if an "applicable statute provides for the recovery of reasonable attorneys' fees."  L.R. 55-3.  Section 505 of the Copyright Act provides that the court has discretion to award "a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Here, the court awarded Plaintiffs $1,043,164.00 in damages against the Developer Defendants.  Accordingly, the court finds Plaintiffs are entitled to $24,463.28[2] in attorney's fees pursuant to Local Rule 55-3.  The court finds that the requested fee amount reasonable because it comports with Local Rule 55-3.  *See, e.g.*, *Globe Ent. & Media, Corp. v. Global Images, USA*, 2022 WL 2703845, at *7 (C.D. Cal. July 11, 2022) (finding fee award based on Local Rule 55-3's fee schedule reasonable); *Loiseau v. Reel Network LLC*, 2018 WL 6039834, at *4 (C.D. Cal. July 26, 2018) (same).  Thus, the court awards Plaintiffs attorneys' fees in the amount of $24,463.28.

       *d.*    *Permanent Injunction*

    Plaintiffs seek to permanently enjoin the Developer Defendants from the following actions:

- "infringing United States Copyright Registration Nos. PA0001741698 and PA0001793977 (the "Copyright Registrations") and from taking any action to circumvent the technological security measures that control access to the Copyright Registrations";
- selling, offering for sale, or otherwise profiting from the 'Terminal Manager;'"

---

[2] ([{$1,043,164 -100,000} x 0.02] + $5,600) = $24,463.28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                          Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

- "violating the terms of the End User License Agreement ('EULA') governing the use of MapleStory."

(Dkt. 138 at 1-2.)

Both "[t]he Copyright Act and the DMCA authorize the court to grant permanent injunctions with reasonable terms to prevent future violations." *Nexon Am., Inc. v. Kumar*, 2012 WL 1116328, at *7 (C.D. Cal. Apr. 3, 2012) (citing 17 U.S.C. §§ 502(a), 1203(b)(1)). As discussed above, Plaintiffs adequately pleaded both copyright infringement and a DMCA violation with respect to the Developer Defendants. In addition, Plaintiffs may seek to enjoin future breaches of contract. *See Pure Water Inc. v. City of Prescott*, 275 F. Supp. 3d 1173, 1177 (D. Ariz. 2017) ("[W]hen plaintiffs seek an injunction based on breach of contract, courts often enjoin defendants from further breaches of the contract."). Thus, Plaintiffs may properly seek permanent injunctive relief with respect to those claims by demonstrating that: (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391.

In this case, the court finds Plaintiffs have appropriately demonstrated that they will suffer irreparable injury if awarded only legal remedies "because an award of monetary damages against Defendants likely will not prevent or deter the adverse, long-term effect on [Plaintiffs'] ability to exploit its copyrighted works." *Kumar*, 2012 WL 1116328, at *7. Additionally, the balance of hardships weighs in favor of Plaintiffs because the injunction "will merely prohibit [the Developer Defendants] from engaging in future unlawful activity, and will not bar it from engaging in lawful business." *Bossland GmbH*, 2017 WL 7806600, at *8. The court notes that "the public interest is served when copyright laws are protected." *Id.* at *9. Thus, based on the record, as applied to the applicable law, the court concludes that Plaintiffs are entitled to a permanent injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

The court further finds that Plaintiffs' requested injunction is narrowly tailored to remedy the specific harms at issue by prohibiting only future infringing conduct by the Developer Defendants. *See Price v. City of Stockton*, 390 F.3d 1105, 1107 (9th Cir. 2004). Accordingly, the court **GRANTS** Plaintiffs' request for a permanent injunction against the Developer Defendants.

2.    Damages Assessed Against the User Defendants

Plaintiffs request an award of $199,728.00 against the User Defendants consisting of: $107,232.00 against Defendant Victor Park and $92,496 against Defendant Jancarlos García Saavedra pursuant to 17 U.S.C. § 1203(c)(3)(A), § 504(c)(1), and Local Rule 55-3. (*Id.* at 3-4.) Plaintiffs also seek to permanently enjoin the User Defendants. (*Id.*)

a.    *DMCA Damages*

As discussed above, because Plaintiffs did not adequately plead a violation of the DMCA by the User Defendants and the court dismissed this claim, the court declines to award any damages based on that claim. *See* section II.C.2, *supra*. Accordingly, the court **DENIES** Plaintiffs' requested damages with respect to the DMCA claim against the User Defendants.

b.    *Copyright Damages*

Plaintiffs request statutory damages of $30,000.00 for each of the two copyright registrations at issue pursuant to 17 U.S.C. § 504(c)(1) against each User Defendant. However, Plaintiffs only pleaded a copyright infringement claim against the Developer Defendants, not the User Defendants. (*See* FAC ¶¶ 109-17.) Because Plaintiffs do not allege a copyright claim against the User Defendants, the court declines to award any statutory damages pursuant to this statute. *See* 17 U.S.C. § 504(c) (authorizing statutory damages for copyright "infringers"). Accordingly, the court **DENIES** Plaintiffs' requested damages under 17 U.S.C. § 504(c) against the User Defendants.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                          Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

c.    *Permanent Injunction*

In seeking to permanently enjoin the User Defendants, Plaintiffs request the following language:

- "Victor Park is permanently enjoined from infringing the Copyright Registrations and from taking any action to circumvent the technological security measures that control access to the Copyright Registrations;"
- "Victor Park is permanently enjoined from violating the terms of the EULA governing the use of MapleStory;"
- "Jancarlos García Saavedra is permanently enjoined from infringing the Copyright Registrations and from taking any action to circumvent the technological security measures that control access to the Copyright Registrations;"
- "Jancarlos García Saavedra is permanently enjoined from violating the terms of the EULA governing the use of MapleStory."

(Dkt. 138-1 at 3-4.)

As a preliminary matter, the court notes that Plaintiffs have not adequately alleged violations of the Copyright Act or DMCA against the User Defendants and thus are not entitled to injunctive relief under those Acts.  However, Plaintiffs may properly seek a permanent injunction pursuant to the Computer Fraud and Abuse Act and to prevent further breaches of the EULA.  *See* 18 U.S.C. § 1030(g); *Pure Water Inc.*, 275 F. Supp. 3d at 1177 ("[W]hen plaintiffs seek an injunction based on breach of contract, courts often enjoin defendants from further breaches of the contract.").  As discussed above, to be entitled to injunctive relief Plaintiffs must demonstrate that: (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and

_____

**CIVIL MINUTES – GENERAL**                                                          **23**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

(4) "the public interest would not be disserved by a permanent injunction." *eBay Inc.*, 547 U.S. at 391.

In this case, the court finds that Plaintiffs have not made an adequate showing for injunctive relief. In particular, Plaintiffs do not sufficiently allege irreparable injury. The court observes that Plaintiffs primarily argue that they will be injured based on the Defendants' copyright infringement and hacking. (*See* Mot. at 20.) However, Plaintiffs do not adequately allege that the User Defendants infringed Plaintiffs' copyrights or actively hacked the Game. (*See generally* FAC.) Nor do Plaintiffs sufficiently allege any other injury. Similarly, the court finds that Plaintiffs have not sufficiently demonstrated that legal remedies would not adequately compensate Plaintiffs for the injury caused by the User Defendants; that the balance of hardships favors Plaintiffs rather than the User Defendants; or that issuing an injunction would further the public interest. *See eBay Inc.*, 547 U.S. at 391. Accordingly, the court **DENIES** Plaintiffs' request for a permanent injunction against the User Defendants.

> d.    *Attorney's Fees*

Local Rule 55-3 authorizes attorney's fees only "[w]hen a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees . . . ." L. R. 55-3. Here, Plaintiffs have not identified an applicable statute or contract authorizing attorney's fees against the User Defendants. Accordingly, the court **DENIES** Plaintiffs' request for attorney's fees with respect to the User Defendants.

> 3.    <u>Summary of Damages</u>

The court's decision with respect to damages is summarized as follows:

|                        | Developer Defendants | User Defendants |
|------------------------|----------------------|-----------------|
| DMCA statutory damages | $937,600.00          | Denied          |
| Copyright Act damages  | $105,564.00          | Denied          |
| Attorney's fees        | $24,463.28           | Denied          |
| Permanent injunction   | Granted              | Denied          |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                    Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

| Total | $1,043,164.00 | No damages |
|-------|---------------|------------|

### IV.    Disposition

For the reasons set forth above, the Motion is **GRANTED IN PART AND DENIED IN PART**.  The court **GRANTS** Plaintiffs' Motion with respect to all claims against Defendant Nathan Jones, Defendant Colin Sullivan, and Defendant John Kim.  The court also **GRANTS** the Motion with respect to the breach of contract and Computer Fraud and Abuse Act claims against Defendant Victor Park and Defendant Jancarlos García Saavedra.  The court **DENIES** the Motion with respect to the **DMCA** claim against Defendant Victor Park and Defendant Jancarlos García Saavedra and **DISMISSES** this claim.  The court's decision on the Motion is summarized in the following table:

| Claim | Developer Defendants | User Defendants |
|-------|----------------------|-----------------|
| Copyright infringement | Granted | Not subject to this claim |
| Breach of contract | Granted | Granted |
| CFAA | Granted | Granted |
| DMCA | Granted | Denied and Dismissed |
| Trademark infringement | Abandoned | Abandoned |

Consistent with the above table, the court awards Plaintiffs the following relief:

A. The court finds that Defendant Nathan Jones, Defendant Colin Sullivan, and Defendant John Kim are jointly and severally liable for the following monetary damages:
- $937,600.00 in damages awarded pursuant to 17 U.S.C. § 1202(a)(3)(c);
- $105,564.00 in damages awarded pursuant to 17 U.S.C. § 504(b); and
- $24,463.28 in attorney's fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-cv-00886-FWS-KK                                  Date: January 11, 2023
Title: Nexon America Inc. *et al.* v. GK *et al.*

B.  The court also **GRANTS** Plaintiffs' request for permanent injunction against Defendant Nathan Jones, Defendant Colin Sullivan, and Defendant John Kim according to the terms found in the proposed judgment, (Dkt. 138-1).

The court **DENIES** Plaintiffs' requested relief against Defendant Victor Park and Defendant Jancarlos García Saavedra.

Because this Order disposes of all of Plaintiffs' claims, Plaintiffs are **ORDERED** to lodge a proposed judgment consistent with this Order within **ten (10)** days of entry of this Order.

Initials of Deputy Clerk:  mku